(91 App. Div. 602.)

DONAHUE v. KEESHAN et al.

(Supreme Court, Appellate Division, Second Department. March 18, 1904.)

1. PUBLIC OFFICERS—PERSONAL TORTS—DEFENSE.
It is against public policy to permit public officers to defend actions for purely personal torts at the expense of the public.

2. SAME—GREATER NEW YORK CHARTER—CORPORATION ATTORNEY—DUTIES.
Greater New York Charter, § 255 (Laws 1901, p. 109, c. 466), provides that the corporation counsel shall be the attorney for the city, and each and every officer, and shall conduct all the law business in which the city

is interested, except as otherwise provided, whether such business is in charge of a single officer or board, and that he shall be the legal adviser of the mayor, city boards, and officers, and shall furnish them such advice and legal assistance as may be required; but section 256 (page 111) prohibits the corporation counsel from acting in any merely private litigation. *Held,* that the law business in which the city was interested should be construed to mean a legal, and not a speculative, interest, and the charter does not authorize the corporation counsel to appear for and defend a policeman sued for a willful assault in making an arrest.

Appeal from Special Term, Queens County.

Action by Patrick Donahue against Daniel Keeshan. From an order setting aside the appearance of George L. Rives, corporation counsel of Greater New York, as attorney for defendant, and requiring defendant to defend in person or by an attorney other than the corporation counsel or any of his assistants, defendant and said Rives appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James D. Bell (P. E. Callahan, on the brief), for appellants.
John B. Merrill, for respondent.

WOODWARD, J.   The plaintiff brought this action against the defendant, alleging that:

"On or about the 7th day of June, 1903, the defendant, without justification or provocation, willfully, maliciously, and violently struck and beat this plaintiff on the head, face, mouth, with a club, and kicked him about his body, whereby this plaintiff was seriously bruised and injured, to his damage in the sum of two thousand (2,000) dollars."

The defendant, who appears to have been a member of the police force of the Greater New York, answers by his attorney, George L. Rives, corporation counsel; and this answer was accepted under protest, and with a denial in writing of the right and authority of the corporation counsel to appear in behalf of the defendant. Subsequently the plaintiff secured an order to show cause, directed to George E. Blackwell, assistant corporation counsel in charge of the corporation counsel's office in and for the borough of Queens, at Long Island City, why the appearance of the said George L. Rives should not be set aside, and be stricken from the pleadings and all papers in the action, and why the defendant should not defend the action in person, or by an attorney other than the said George L. Rives or any of his assistants. Upon the return of this order to show cause, the Special Term granted an order setting aside the appearance of the corporation counsel, and from this order the defendant and the corporation counsel appeal.

The appellants urge that the defendant was a police officer of the city of New York, and on June 7, 1903, in the proper performance of his duty as an officer, placed plaintiff under arrest; that the plaintiff was subsequently tried, convicted, and fined for the offense upon which defendant arrested him; and that said arrest constitutes the alleged cause of action as set forth in plaintiff's complaint; and it is insisted that there is special statutory authority for the appearance of the corporation counsel in behalf of this policeman. It may be observed,

in passing, that the plaintiff does not complain of his arrest, but of an assault. He alleges that the defendant, "without justification or provocation, willfully, maliciously, and violently struck and beat this plaintiff," and, if this allegation is true, the city of New York has no possible interest in this controversy, because it is no part of the duty of a policeman, "without justification or provocation," to "willfully, maliciously, and violently" strike any person. The duty of a policeman, under proper circumstances, to make an arrest, carries with it the right to use so much of force as, and no more than, is reasonably necessary to accomplish the purpose. When the officer goes beyond that point, he ceases to act in behalf of the city, and he assumes the responsibility. The allegation of this complaint is that the defendant, "without justification or provocation," assaulted the plaintiff; and, unless the corporation counsel is specially authorized by the charter to defend policemen who are charged with the commission of torts, there would seem to be no good reason why the defendant should not be called upon to answer for his tort, the same as any other citizen. As was said by the court in the somewhat analogous case of People ex rel. Underhill v. Skinner, 74 App. Div. 58, 62, 77 N. Y. Supp. 36:

"It would be against public policy to permit individuals to defend purely personal actions at the expense of the community. Men undertake public duties, they discharge the duties of citizenship, subject to the risk of being called upon to defend their conduct in the courts. It is one of the penalties we pay for the protection of society, and because the relators have been called upon to make large disbursements in vindicating their report is no reason why they should expect the school district to go outside of the law to reimburse them."

Does the charter authorize the appearance of the corporation counsel in defense of a policeman who is charged with an assault? Section 255 of the charter (chapter 466, p. 109, of the Laws of 1901) provides that there shall be a law department of the city of New York, the head whereof shall be called the "Corporation Counsel," who shall be the attorney and counsel for the city of New York, the mayor, the board of aldermen, and each and every officer, board, and department of said city, and he "shall have charge and conduct of all the law business of the corporation and its departments and boards, and of all law business in which the city of New York is interested, except as otherwise herein provided." The "law business in which the city of New York is interested" refers not to a speculative or theoretical interest, but a legal interest. The corporation counsel is to have general charge of the law business of the municipality, including its various legislative, ministerial, and executive departments, whether in charge of a single officer or a board; and the effort to stretch this provision of the statute to cover the case of an individual who happens to be a policeman, and who is charged with a tort, can find no justification under any rule of construction with which we are familiar. This is made plain by the provision in the same section which declares that:

"No officer, board, or department of the city, unless it be herein otherwise especially provided, shall have or employ any attorney or counsel, except where a judgment or order in an action or proceeding may affect him or them indi-

vidually or may be followed by a motion to commit for contempt of court, in which case he or they may employ and be represented by attorney or counsel at his or their own expense."

This indicates very clearly that it was not the purpose of this provision to protect individual rights, even where the city was a party, not to mention a case in which the city had no legal interest whatever. Furthermore, section 256 (page 111), in the last clause, prohibits the corporation counsel from acting in any merely private litigation. Nor is the defendant helped out by the further provision of section 255 that the corporation counsel shall be—

"The legal adviser of the mayor, the board of aldermen, the presidents of the boroughs and the various departments, boards and officers, except as otherwise herein provided, and it shall be his duty to furnish to the mayor, the board of aldermen, the presidents of the boroughs and to every department, board and officers of the city all such advice and legal assistance as counsel and attorney in and out of court as may be required by them or either of them," etc.

To give to this language the construction contended for by the appellants, every policeman who was involved in any controversy growing out of his relations to the police department could command the services of the corporation counsel or his assistants at the same time that the head of the department of police would be entitled to the aid and assistance of the same officer—a manifest absurdity. It is a familiar canon of construction that a thing which is within the intent of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers. Riggs v. Palmer, 115 N. Y. 506, 509, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819. The test in cases of this character is stated in the language of Bacon's Abridgment, quoted and approved in People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 447, 46 N. E. 875, 885, and is as follows:

"In order to form a right judgment whether a case be within the equity of a statute, it is a good way to suppose the lawmaker present, and that you have asked him this question: 'Did you intend to comprehend this case?' Then you must give yourself such answer as you imagine he, being an upright and reasonable man, would have given. If this be that he did mean to comprehend it, you may safely hold the case to be within the equity of the statute, for, while you do no more than he would have done, you do not act contrary to the statute, but in conformity thereto."

Tried by this test, can we reach the conclusion that the Legislature, by the use of the general word "officer," intended to include subordinates in all of the departments; that it intended the corporation counsel should become the adviser and counselor of every one of the thousands of policemen on the force, even in matters of purely private concern? The question suggests its own answer, and makes further discussion unnecessary. The word "officer," as used in the section of the charter now under consideration, clearly related to those officers who were on the same general footing as the mayor, board of aldermen, borough presidents, boards, departments, etc., and not to the subordinate officers, which is within the principle of the rule, often asserted in the construction of wills, that when certain things named are followed by a phrase which need not, but might, be construed to

include other things, it will be confined to articles of the same general character as those enumerated. Matter of Reynolds, 124 N. Y. 388, 397, 26 N. E. 954, and authorities there cited. That it did not contemplate personal service of the officers is shown by the fact that he is to counsel the board of aldermen, not individually, but collectively, and this is true of the departments and of the boards; and the fair construction of the section is that the corporation counsel is to have charge of the legal affairs of the city in its corporate capacity, including the various departments and officers who are engaged in matters in which the city, as such, has a legal interest. This construction relieves the statute of any absurdity, and manifestly carries out the intent of the Legislature. See Riggs v. Palmer, 115 N. Y. 511, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.