(101 App. Div. 136)

BRIGGS v. LAHEY.

(Supreme Court. Appellate Division, Second Department. January 6, 1905.)

1. MUNICIPAL EMPLOYÉS—ACTIONS—CITY LEGAL DEPARTMENT—REPRESENTATION—STATUTES.

Laws 1904, p. 1004, c. 396, amending Greater New York Charter, § 256, provides that the corporation counsel may, in his discretion, appear in any action against any officer employed by the city by reason of any acts done while in the performance of his duty by such officer, whenever such appearance is requested by the head of the department or bureau by which the officer is employed. *Held*, that such section should be construed as investing the head of such department or bureau with discretion to determine whether the action is prima facie founded on an act done by the defendant while in the performance of his duty, and that such determination, followed by a request to the corporation counsel to appear and defend, was not subject to judicial review.

Appeal from Special Term, Kings County.

Action by Richard Briggs, Jr., against William J. Lahey. From an order denying defendant's motion to require plaintiff to accept service of the answer signed by the corporation counsel of the city of New York, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James D. Bell (Richard B. Greenwood, on the brief), for appellant.
R. Percy Chittenden, for respondent.

WILLARD BARTLETT, J. This appeal presents the question whether the corporation counsel of the city of New York can lawfully appear in this action as attorney for the defendant, a policeman, who is sued for false imprisonment. Under the Greater New York charter, as it stood prior to April 26, 1904, the corporation counsel had no power to appear in behalf of the defendant in an action brought against a policeman of the city of New York to recover damages for an assault committed by him upon the plaintiff while arresting the latter. Donahue v. Keeshan, 91 App. Div. 602, 87 N. Y. Supp. 144. Presumably in consequence of the decision of this Appellate Division in the case cited, the Legislature of 1904, by an act which became a law on the 26th day of April in that year, amended section 256 of the charter by adding these words:

"But the corporation counsel may in his discretion appear or direct any of his assistants so to do in any action or proceeding, criminal or civil, brought against any officer, subordinate or employé in the service of the city of New York, or of any of the counties embraced therein, by reason of any acts done or omitted while in the performance of his duty by such officer, subordinate or employé, whenever said appearance is requested by the head of the department, office or bureau in which said officer, subordinate or employé is employed." Chapter 396, p. 1004, of the Laws of 1904.

After he was served with the summons and complaint in the present action, the defendant presented to the police commissioner of the city of New York a petition stating that prior thereto one Richard Briggs, Jr. (the plaintiff), while employed at No. 455 Fifth street, in the borough of Brooklyn, became involved in a quarrel with the occupant of said premises; that the petitioner was called for the purpose of having him removed therefrom; that, upon requesting him to leave the house, Briggs refused, in the most violent and profane language; and that his conduct was so disorderly that the petitioner was compelled to place him under arrest, and to use force in getting him from the house. The petitioner further set forth that he arraigned Briggs before a magistrate in the borough of Brooklyn; that the magistrate reprimanded Briggs, and stated that the petitioner was justified in arresting him; and that the magistrate then allowed Briggs to go on his own recognizance, warning him that sentence would be suspended subject to his future conduct. Upon this petition the police commissioner referred the action to the corporation counsel, with a request that he defend the same.

Notwithstanding these facts, the learned judge at Special Term has held that the plaintiff's attorneys were right in refusing to accept the

answer served upon them by the corporation counsel, on the ground that the defendant obtained from the police commissioner his request that the corporation counsel defend the action by a statement which was false both in its assertion and concealment of the facts. In effect, the decision below was based on the assumption that in any case where the corporation counsel undertakes to defend an officer, subordinate, or employé in the service of the city of New York, under section 256 of the charter as amended in 1904, the question whether the acts charged against the defendant were really done while in the performance of his duty is one which may be raised by the plaintiff and determined at the Special Term in advance of the trial of the action, and that, if the Special Term determines this question adversely to the defendant, the appearance of the corporation counsel in his behalf is without authority of law and ineffective. It does not seem to me that it was the intent of the Legislature in enacting the amendment of 1904 to permit any such preliminary procedure. If, in every case where a policeman is sued for false imprisonment, and claims that the acts charged in the complaint were done by him in the performance of his duty as an officer, the plaintiff is entitled to a trial, on motion, before any issue is joined in the action, of the question whether he was really acting as an officer, or not, in respect to the matters alleged in the complaint, a most complicated and objectionable method of practice will be introduced in this class of litigations—a practice manifestly so intolerable as not to be sanctioned if the statute is fairly susceptible of any other construction. I think that the amendment may be fairly construed as investing the head of the department, office, or bureau in which the officer, subordinate, or employé is employed with a discretion to determine whether the action is prima facie one instituted by reason of any acts done or omitted by the defendant while in the performance of his duty, and that the determination of such head of department, office, or bureau to that effect, followed by a request to the corporation counsel to appear and defend the action, is final and conclusive, and is not subject to judicial review; resulting, perhaps, in a determination that the corporation counsel has no authority to appear. The police commissioner in the present case having exercised such discretion in favor of the defendant, the corporation counsel, upon being requested to appear in his behalf by the police commissioner, was entitled to appear and put in an answer; and the motion to compel the acceptance of the answer should have been granted.

The order appealed from should be reversed, and the defendant's motion should be granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.