JUDSON v. CITY OF NIAGARA FALLS.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. MUNICIPAL CORPORATIONS (§ 214*)—APPOINTMENT OF COUNSEL—AUTHORITY.
   Unless prohibited by the charter, the common council of a city has, as an incident to its general power, the authority to employ counsel to assist it in the due performance of the duties or trusts with which, in its corporate capacity, it is charged by law.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 584; Dec. Dig. § 214.*]

2. MUNICIPAL CORPORATIONS (§ 214*)—EMPLOYMENT OF COUNSEL—AUTHORITY.
   Where the common council of the city of Niagara Falls appointed a committee to investigate a controversy between the police department and office of police justice, as authorized by charter (Laws 1904, c. 300) §§ 136, 141, the committee on authority given by common council had the power to employ counsel to assist in the investigation other than the corporation counsel, notwithstanding section 483, providing that the corporation counsel shall act as the legal adviser of the common council, and of the several officers, boards, and departments of the city, and such officers, boards, or departments shall not employ other counsel, and section 65, providing that no member or committee of the common council or other officer of the city shall have power to employ any person or incur any expense except as provided in this act; the corporation counsel being the legal adviser of the mayor, who was president of the police board and through him of the police department, and the corporation counsel being appointed by the mayor and subject to removal by him on specific charges after a trial.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 585; Dec. Dig. § 214.*]
   Kruse, J., dissenting.

Appeal from Trial Term, Niagara County.

Action by George D. Judson against the City of Niagara Falls. From a judgment for plaintiff on a directed verdict after both parties moved for direction of verdict, defendant appeals. Affirmed.

Argued before McLENNAN, P, J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Franklin J. McKenna, for appellant.
Montford C. Holley, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROBSON, J.   Plaintiff is an attorney, and his recovery in this action is for services as counsel of a committee of defendant's common council in an investigation made by such committee.

On the trial defendant conceded that its common council duly adopted a resolution, which, after reciting the occasion of, and necessity for, the investigation, directed the president of the common council to appoint a committee, with power to employ counsel, if necessary, to make such investigation and report thereon.   It was also conceded that five members of the common council were thereafter duly appointed as such committee, and that the committee, pursuant to the resolution, employed plaintiff to conduct the investigation, and that he acted as counsel for the committee therein.   If the committee had authority to employ plaintiff, defendant does not question his right to the judgment he has obtained.

It would seem that defendant, by conceding that the resolution, directing the appointment of a committee with power to employ counsel, was duly adopted by its common council, that this committee was duly appointed, and that it employed plaintiff as its counsel, has precluded itself from questioning the authority of the committee to employ an attorney, which it seems to have conceded was duly conferred. But whether that is the legal effect to be given to these concessions, or not, we think the committee had such authority.   Every point now urged by appellant's counsel in opposition to the claim that the committee had such authority, except the single one, based upon the claim that the statute, by which defendant's corporate existence is created, prohibits the employment of counsel other than the city's corporation counsel, was presented and passed upon adversely to defendant in an action arising out of a claim for stenographer's services, rendered to this same committee in the same investigation. O'Brien v. City of Niagara Falls, 65 Misc. Rep. 92, 119 N. Y. Supp. 497.   Except for the fact above adverted to, affirmance of this judgment would be recommended on the opinion of the trial court in that case.

The statute under which defendant is organized (chapter 300, Laws 1904), which for convenience of reference may be called its charter, gives the common council power to make such investigation as that in question.   The charter also, by implication at least, authorizes such investigation to be made by a committee of that body appointed for that purpose.   Sections 136, 141.   If the common council had either the express or implied power to employ counsel to assist it in making such an investigation, it is not questioned that a committee duly appointed to make the investigation for the council could, if authorized by the council, employ at attorney to assist in the investigation.   Unless prohibited by the charter, the common council has, as an incident to its general power, the authority to employ counsel, if necessary, to assist it in the due performance of the duties, or trusts with which, in its corporate capacity, it is charged by law.   Defendant does not question that proposition, nor does it question that the committee needed the aid of counsel in making the investigation; but it does urge that the corporation counsel was by section 483 of the charter

made the sole legal adviser for the city's officers, its departments, its common council, and committees, and was therefore the only counsel whose services could be employed. Section 483 reads as follows:

"The corporation counsel shall be and act as the legal adviser of the common council and of the several officers, boards and departments of the city, and he shall appear for and protect the rights and interests of the city in all actions, suits and proceedings brought by or against it or any city officer, board or department; and such officers, boards or departments shall not employ other counsel."

It is further provided by section 65:

"No member or committee of the common council, or other officer of the city shall have power to employ any person, incur any expense or purchase any material for or on behalf of the city, or any one of its officers, boards or committees, except as provided in this act."

It will be observed that section 483 does not in terms prohibit the common council from employing other counsel than the corporation counsel; but it does provide that the corporation counsel shall act as its legal adviser. We may, therefore, in view of the provisions of section 65 above quoted, consider the question here presented as though this section of the charter had directed that the common council shall not employ other counsel. Of course, the charter, just as every other written expression of ideas, should be interpreted with due regard to the purpose to be served and the object to be accomplished. It recognizes that the city and its officers and departments would be met with the frequent necessity of requiring the aid of legal advice in the management of the city's concerns. This need it was clearly the purpose of the charter to supply through the services of the corporation counsel. But an occasion might arise when, by reason of the fact that the corporation counsel was manifestly legally disqualified, or for some equally apparent reason, it would be improper for him to appear for and act as the city's legal adviser in a proceeding, or action, in which the city's interests were at stake. The charter makes no specific provision for the appointment of a counsel in the place of the corporation counsel, or as his temporary substitute. Section 486 does provide that assistant counsel may, with the written consent of the mayor, be employed to assist the corporation counsel in important cases, or proceedings, in which the city is interested, or is a party; but such counsel, if employed, would not take the place of the corporation counsel, but only, as the statute provides, assist him, he, of course, remaining as the city's legal adviser in fact. In a contingency, such as is above indicated, if the city authorities, charged with the duty of protecting the city's interest then involved, are absolutely precluded from employing counsel other than the corporation counsel, then it necessarily follows that the city must in such an event either remain wholly unrepresented by counsel, or rely upon the services of counsel, who, presumably, is in no position to properly represent and protect the city's interests; and the corporation counsel himself is confronted with the dilemma of either, on the one hand, refusing to discharge his statutory duty, or of assuming to act as the

city's legal adviser under circumstances which should in no event be required of any honest and self-respecting attorney.

It seems to me clear that such a contingency was not within the contemplation of the Legislature when the charter was enacted, and was neither foreseen nor provided for. If this be true, then the city's right to employ a counsel in such a case rests not upon direct power so to do conferred by the charter, but upon the incidental power implied in those expressly granted, the proper exercise of which makes necessary the exercise of the incidental and implied power; and the city's right to employ counsel in such case is to be determined as though the statute had not provided for employment of counsel in any case. Where no provision expressly conferring this authority appears, it is well established by an unbroken line of decisions that it will be implied whenever its exercise is essential to protect the city's rights and interests, or necessary in the exercise of the powers granted in express words.

The common council by its resolution under which its committee was appointed, by implication at least, determined that a condition was presented in which the necessity for employment of counsel other than the corporation counsel was presented. The investigation the committee was to make involved an inquiry as to the management and conduct of the police department and of the office of police justice, which had resulted in a condition of antagonism between the two departments, by reason of which, as the resolution recites, the administration of justice in criminal matters was seriously interfered with. Two of the city's departments were to be investigated. Acting under the provisions of the charter, the corporation counsel had been, during the time in which this unfortunate condition of antagonism between the two departments arose, the legal adviser of the mayor of the city, who was president of the police board, and through him of the police department. The corporation counsel was, as the charter provides, appointed by the mayor and was subject to removal by that officer upon specific charges after a trial. If the corporation counsel had attempted to discharge in this investigation all of the duties with which in the event he appeared as corporation counsel he would have been charged by the charter, he would necessarily have occupied the anomalous position of appearing as the legal adviser of each of the two antagonistic departments, whose conduct was to be investigated, and also of the committee which was making the investigation—an investigation which would almost of necessity require consideration of acts and attitudes of one, or both, departments resulting from, or done, or assumed, under the advice of this same legal adviser. To give a construction to the charter which would require him to occupy such a position would, as was said in Donahue v. Keeshan, 91 App. Div. 602, 605, 87 N. Y. Supp. 144, involve "a manifest absurdity."

It is in no sense nor in any way a reflection either on the ability, integrity, or the personal or professional conduct of the corporation counsel, that the committee, properly, as we think, decided that it was necessary to have an attorney other than the corporation counsel to act as its legal adviser in the investigation. This action of the com-

mittee, under the circumstances, does not appear to have been intended to, and in fact did not, involve any criticism of the corporation counsel, his attitude, or actions. Indeed, so far as the record discloses, he very properly refrained from asserting any claims to act as the committee's legal adviser. The determination that it was necessary to employ other legal assistance than that afforded by the charter was the exercise of a quasi judicial function well within the power of the common council and its committee, and no good reason appears for questioning its result.

It is to be understood, however, that it is only under exceptional circumstances, such as are here presented, that the common council has the right to exercise the power here approved.

Judgment affirmed, with costs. All concur, except KRUSE, J., who dissents in memorandum.

KRUSE, J. (dissenting). The plaintiff's employment as counsel to the investigating committee was in direct contravention, as it seems to me, of the provisions of the defendant's charter, which prohibits the officers, boards, or departments of the city from employing other counsel than the corporation counsel. While I do not question the right of the common council to employ other counsel if for any reason the corporation counsel is disqualified or is unable to act and adequately protect the rights of the city, that, I think, is not this case. There is nothing to show that the corporation counsel could not with propriety act as counsel to the committee, and render the necessary legal services in making the investigation; nor that he was not entirely competent and willing to do so. The mere fact that he was the legal adviser of two city departments between which a controversy existed did not disqualify him to act in the investigation. Even if the common council had the power to determine that a situation existed which required that some one other than the corporation counsel should act, and had the right to employ counsel as an incident to the making of a proper examination, it is not clear that it could delegate that power to a committee. The provisions of the charter prohibit any person from contracting any debt on the part of the city unless specially authorized by the provisions of the act, and no member or committee of the common council has power to employ any person or incur any expense for or on behalf of the city except as provided in the act.