·CONSOLIDATED GAS CO. OF NEW YORK v. NEWTON, Atty. Gen., et al.

(District Court, S. D. New York. June 10, 1919.)

1. INJUNCTION ⬩123 — ISSUES — RESTRAINING THREATENED PROSECUTION—
   SOURCE OF FUNDS FOR DEFENSE.
   In a suit in a federal court to enjoin the Attorney General of New York and the district attorney of New York county from bringing threatened prosecutions, the court cannot consider collaterally the question whether the authorities of the city intend to appropriate money unlawfully to aid in the defense of the district attorney.

·2. MUNICIPAL CORPORATIONS ⬩169—CORPORATION COUNSEL—AUTHORITY AND
   DUTIES.
   Under Greater New York Charter, § 256, as amended by Laws 1917, c. 602, authorizing the corporation counsel in his discretion, when requested, to appear in any action brought against an officer or employé of the city or county by reason of any act done or omitted while in performance of his duty, the corporation counsel may appear in behalf of the district attorney of the county in a suit brought to enjoin him from performing a statutory duty.

In Equity. Suit by the Consolidated Gas Company of New York ·against Charles D. Newton, Attorney General, and others. On motion by complainant to set aside an order substituting the Corporation Counsel of the City of New York in place of Robert C. Taylor, as· .solicitor for defendant Edward Swann, as District Attorney. Motion denied.

See, also, 256 Fed. 238.

Shearman & Sterling, of New York City (E. Henry Lacombe and John A. Garver, both of New York City, of counsel), for the motion.
   William P. Burr, Corp. Counsel, and Edward Swann, Dist. Atty.,

both of New York City, Robert P. Beyer, Deputy Atty. Gen., and Godfrey Goldmark, of New York City, counsel to Public Service Commission (John P. O'Brien, Judson Hyatt, and Robert S. Johnstone, all of New York City, of counsel), opposed.

MAYER, District Judge. The district attorney of the county of New York is a necessary party defendant to this suit, and, having been made such, he is obligated to defend in such manner and to such extent as may be commensurate with the discharge of his duty. He has requested the corporation counsel to appear as his solicitor, and the corporation counsel has consented so to do.

It is contended (1) that the corporation counsel cannot lawfully act as solicitor for the district attorney, and is prohibited from so doing by virtue of section 256 of the charter of the city of New York, as amended by Laws 1917, c. 602; and (2) that it is the intention of the officials of the city of New York and of the corporation counsel to employ city funds, contrary to law, to aid the district attorney in his defense.

[1] (a) Disposing of the second contention first, it may be observed that this court cannot consider collaterally in this suit allegations which amount, in effect, to assertions that the board of estimate and apportionment of the city of New York intends to appropriate funds unlawfully or wastefully. There can be no doubt, as appears from the affidavit of the district attorney, that his office is not equipped to undertake the defense of a suit of this character. The office of district attorney of the county of New York is concerned primarily with the prosecution of criminal offenses, and the district attorney is a necessary defendant in this suit, largely because of what might be called a statutory accident. Consolidated Gas Co. v. Newton (D. C.) 256 Fed. 238.

In such circumstances, the district attorney has the legal right to apply to the board of estimate and apportionment to furnish him with such funds as that body, in its discretion, may deem proper and necessary for an appropriate defense by him in this litigation. Any complaint that the action or intended action of the board of estimate and apportionment is or will be contrary to law is not cognizable in this suit.

[2] (b) In respect of the authority and duties of the corporation counsel, section 256 of the Greater New York Charter provides:

"Neither the corporation counsel nor any of his assistants shall appear as attorney or counsel in any action or litigation except in the discharge of his official duties, nor accept an appointment as referee or receiver in any action or proceeding, but the corporation counsel may in his discretion appear or direct any of his assistants so to do in any action or proceeding, criminal or civil, brought against any officer, subordinate or employé in the service of the city of New York, or of any of the counties embraced therein, by reason of any acts done or omitted while in the performance of his duty by such officer, subordinate or employé, whenever said appearance is requested by the head of the department, office or bureau in which said officer, subordinate or employé is employed."

The right to appear as solicitor is apparently susceptible of direct attack (Donahue v. Keeshan, 91 App. Div. 602, 87 N. Y. Supp. 144),

and such attack may be by a motion such as that here made (Bonnifield v. Thorp [D. C.] 71 Fed. 924).

The first part of section 256 refers, in effect, to the prohibition against the corporation counsel from acting in any respect other than in the discharge of his official duties. The additional power to appear "in any action or proceeding, criminal or civil, brought against any officer," et seq., was doubtless conferred to remedy situations of the character presented in Donahue v. Keeshan, supra, Briggs v. Lahey, 101 App. Div. 136, 91 N. Y. Supp. 576, and Tracy v. Pendleton, 134 App. Div. 940, 118 N. Y. Supp. 1146; but, when the Legislature conferred this power, it did so in language of the most comprehensive character.

The right to appear on request, or direct assistants so to do, is "in the discretion" of the corporation counsel, and the Appellate Division of the Second Department, in Briggs v. Lahey, supra, has held:

> The provisions of this section authorizing the corporation counsel to appear in an action brought against an officer or employé of the city by reason of an act done while in the performance of his duty, whenever said appearance is requested by the head of department in which the officer is employed, vests the head of the department with an absolute discretion to determine whether the action is prima facie one instituted by reason of an act done by the officer or employé in the performance of his duty, and the determination of such head of a department to that effect, followed by a request to the corporation counsel to appear and defend the action, is final and conclusive, and is not subject to judicial review.

Further, the appearance may be in a civil or criminal action or proceeding, and may be, inter alios, for a city or county officer, and the district attorney is a county officer.

There is nothing in section 256 which confines the right of the corporation counsel to appear to cases of subordinate officers. On the contrary, he may appear, when properly requested, for any officer, whether the head of an office or department, or a subordinate officer. His appearance, however, is limited to those instances where the action or proceeding is brought against the officer, subordinate, or employé "by reason of any act done or omitted while in the performance of his duty by such officer. * * *"

This provision excludes appearance to defend in any action or proceeding where the act done or omitted was not in the performance of duty. No doubt there are acts or omissions close to the line between private conduct and public duty, and the Legislature, of course, desired to prevent the corporation counsel from acting professionally in cases where an act done or omitted was in a private capacity, as distinguished from an act done or omitted while in the performance of the officer's or employé's duty.

The language of the statute is so broad as to indicate that the corporation counsel might appear in his discretion, when requested as provided, in any case of commission or omission, so long as the act or omission occurred while in the performance of duty. The theory upon which this suit is brought is that the defendant officers will do their duty and that the district attorney, among others, will

endeavor to proceed according to law, and, because this is expected, it is sought to enjoin him.

The fact that the district attorney has a duty to perform implies in law a threat to do that duty, and such status constitutes the "act done" as referred to in section 256. But such refinements are not necessary, because, in my opinion, the legislative intent was broadly, among other things, to empower the corporation counsel (when requested by the head of an office) to appear in any case where the officer concerned was engaged in the performance of a public duty cast upon him, as distinguished from the performance of some act done in his personal or private capacity.

As Mr. Burr, the corporation counsel, is a solicitor duly admitted to practice in this court, the motion, for the reasons outlined, is denied.

Settle order on two days' notice.