RICHARD S. BUCK, Respondent, *v.* THE CITY OF NEW YORK, Respondent.

CHARLES L. CRAIG, as Comptroller of the City of New York, Intervenor, Appellant.

First Department, November 27, 1925.

Municipal corporations — action against city of New York to recover for services rendered by plaintiff — default judgment was entered — default was opened on stipulation by corporation counsel conceding rendition of service and reasonable value and stipulating that sole question was as to legality of employment — comptroller seeks to intervene claiming that corporation counsel violated Greater New York charter, § 255, by stipulating to compromise claim — stipulation and answer purporting to compromise claim violated Greater New York charter, § 255 — comptroller has right to intervene though personal judgment cannot be rendered against him.

The corporation counsel of the city of New York violated section 255 of the Greater New York charter, which provides that the corporation counsel shall not be empowered to compromise, settle or adjust any rights, claims, demands

or causes of action in favor of or against the city of New York, when he entered into a stipulation with the plaintiff for the purpose of opening a default judgment against the city of New York in an action brought by the plaintiff to recover for services as assistant to the chief engineer of the board of estimate and apportionment, which stipulation conceded the rendition of the services by the plaintiff and their reasonable value and submitted only the question of law as to the legality of the employment of the plaintiff, for the effect of the stipulation and answer was to compromise, settle or adjust the rights of the plaintiff as against the city of New York.

The comptroller has the right to intervene in this action notwithstanding a personal judgment cannot be rendered against him.

APPEAL by the intervenor, Charles L. Craig, as comptroller of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1925, denying his application to intervene as a party defendant.

*Charles L. Craig,* in person, as comptroller of the city of New York, appellant.

*Humes, Buck & Smith* [*Louis O. Van Doren* of counsel], for the plaintiff.

*George P. Nicholson,* Corporation Counsel [*Henry J. Shields* of counsel; *John F. O'Brien* and *Charles Horowitz* with him on the brief], for the defendant.

MCAVOY, J.:

An order was made at Special Term in this action denying an application of the comptroller of the city of New York for leave to intervene and interpose an answer herein, which application also asked that the city be relieved from a stipulation made by the corporation counsel with the plaintiff's attorney, which the comptroller asserts is in effect a confession of judgment.

In December, 1924, plaintiff filed a claim with the comptroller demanding some $7,000 for services said to have been rendered by him as an assistant to the chief engineer of the board of estimate and apportionment in relation to an investigation alleged to have been then pending. The comptroller did not allow the claim. In January, 1925, the plaintiff began an action on this claim and served a summons and complaint on the corporation counsel. No answer was served to this complaint, and a judgment by default was entered on February eighteenth of this year against the city. The comptroller then insisted that the corporation counsel defend the action. Plaintiff's attorneys and the corporation counsel then stipulated for the opening of the default and the filing of an answer, and as a condition for opening such default the corporation counsel consented to the waiver of a jury trial and that the case be placed

on the day calendar for June 17, 1925. Besides he conceded the rendition of the services of plaintiff and their reasonable value, and submitted alone as a question of law to the trial court the right of the board of estimate and apportionment or other municipal authority to engage the plaintiff in the employment in which he rendered the alleged services, it being alleged in the answer that the attempted hiring of plaintiff was not authorized by statute or by any person or officer having power to authorize the employment of plaintiff as alleged in the complaint.

The comptroller asserts that this answer is in virtual violation of section 255 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 602) which provides that the corporation counsel shall not be empowered to compromise, settle or adjust any rights, claims, demands or causes of action in favor of or against the city of New York, and he shall not permit, offer or confess judgment against the city, or accept any offer of judgment in favor of the city without the previous written approval of the comptroller. The comptroller points to *Bush* v. *O'Brien* (164 N. Y. 205), where it was said that the comptroller is to determine whether a claim shall be compromised or not; if it is not compromised, the corporation counsel has the supreme power of determining the nature of the defense that shall be interposed to any action that shall be brought thereon, but not to compromise. The comptroller sets forth that the answer interposed by the corporation counsel in this case is merely colorable. Its design, he asserts, and its necessary effect were to evade the provisions of section 255 of the Greater New York charter by permitting the judgment to be rendered as though no defense had been interposed.

The corporation counsel contends that the comptroller has no right to intervene, excepting in such cases as a judgment in an action may affect him personally or may be followed by a motion in proceedings to commit him for contempt, and since the comptroller cannot be said to be personally liable on any judgment which may be recovered here, and since he cannot be involved in any proceeding to punish him for contempt he may not intervene. We cannot agree with this contention.

The answer here has the apparent purpose of overriding and evading the plain provisions of section 255 of the Greater New York charter which do not permit a compromise of an action, except on the consent of the comptroller. The submission of this matter as a mere question of law does not require proof of the rendition of the services or of their reasonable value, which matters the comptroller would be entitled to examine into if the compromise of this action was submitted to him. He will not be personally liable for the

judgment if one is rendered here, but he may have a duty to perform in connection with the recovery of such judgment in the issuance and sale of special revenue bonds or certificates of indebtedness for such amount as may be necessary to pay the judgment recovered against the city. (See Greater New York charter, § 187, as amd. by Laws of 1910, chap. 683; Id. § 188, subd. 3, as amd. by Laws of 1912, chap. 457.) This duty, if he concludes that he should refuse to perform it, may be enforced by mandamus at the instance of the judgment creditor. The duty of the comptroller to pay judgments duly recovered against the city is absolute. If he fail to obey the mandamus he may be punished for contempt in enforcement of that order and thus he may be involved in a possible proceeding to punish him for contempt in case a judgment is recovered herein. Therefore, he should have been permitted to intervene and contest the claim.

The order should be reversed, with ten dollars costs and disbursements, and the motion to intervene granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.