FRANK NETARZ, Plaintiff, *v.* ROBERT J. FAGAN and Others, Defendants.

Supreme Court, Monroe County, June 6, 1932.

*William L. Clay*, for the plaintiff.

*James E. Cuff*, for defendant Robert J. Fagan.

CUNNINGHAM, J. The defendant Robert J. Fagan is a deputy sheriff of Monroe county and is sued for an assault alleged to have been committed upon the plaintiff. The defendant claims that it was necessary to use force in arresting and detaining the plaintiff upon a charge of having committed a felony.

James E. Cuff, county attorney of Monroe county, has appeared as attorney for the defendant Fagan, pursuant to a resolution of the board of supervisors authorizing him to do so.

The plaintiff claims that this appearance is null and void and should be stricken out.

The board of supervisors is authorized to prescribe the duties of the county attorney. (County Law, § 210, as amd. by Laws of 1931, chap. 485.)

In 1907 the board of supervisors passed a local law (Proceedings of Bd. of Suprs. of Monroe County [1907], pp. 163, 188) prescribing the duties of the county attorney, and providing that he should act as attorney for any county official in any action or proceeding to which such official should be a party. By an amendment to such local law, adopted in 1932, the county attorney may appear for a county official only when request therefor is made to the board of supervisors and granted by that body. The county may bear the expense of defending an official " against accusations growing out of his official duties," but the law authorizing such expenditure may not be retroactive, but must have been adopted before the acts complained of were performed. (*Matter of Guarino* v. *Anderson*, 259 N. Y. 93.)

The plaintiff claims that the defendant Fagan is an employee and not an official of the county, and that, therefore, this local law does not apply to him. However, a deputy sheriff is declared by law to be a peace officer. (Code Crim. Proc. § 154.)

It appears from the answer in this case that the defendant claims that the acts upon which this action is based were done in the performance of his duties as deputy sheriff. Therefore, the discretion exercised by the board of supervisors in authorizing the county attorney to appear for him will not be reviewed upon this motion. (*Briggs* v. *Lahey*, 101 App. Div. 136; *Tracy* v. *Pendleton*, 134 id. 940.)

The motion is denied, with ten dollars costs.