LESTER W. DAY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24187.)

Court of Claims, February 9, 1937.

*Harry G. Harper* [*Alexander Dow* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. Claimant seeks an award against the State for damages alleged to have been sustained by him by reason of an assault committed upon him by one John C. Curran, a member of the New York State Constabulary.

According to claimant's testimony it appears that he had resided at the home of Bessie Doyle, the mother of one Harold Doyle, at Kokertown in the town of Red Hook, Dutchess county; that shortly after midnight on October 2, 1935, Trooper Curran called at the home of Bessie Doyle, where claimant, together with John Coon,

a brother of Mrs. Doyle, were then asleep in the bedroom adjoining the kitchen; that Curran after knocking on the door entered and walked to the front room of said home, and then into the bedroom where Day and Coon were in bed; that Curran asked him where Harold Doyle was, and he said he did not know, whereupon Trooper Curran began beating claimant with his gun and called him " a damn liar;" that Trooper Curran continued to beat the claimant when he repeatedly said he did not know where Doyle was, in answer to the trooper's questions "where is Doyle;" that later, some other man, who is unidentified, said to Curran, " he is quiet now, you had better give him some more," and Curran again asked claimant to tell him where Doyle was, and beat claimant some more; that as a result of said beatings claimant received a black eye and other bruises on his body and person.

In defense, Trooper Curran testified that he had a felony warrant, issued for the arrest of one Harold Doyle, and that he had been looking for him; he made visits to the Doyle home for the purpose of arresting Doyle, and that on the night in question, believing that Harold Doyle was at the Doyle home, he called there to make the arrest. Upon gaining admission he heard a sound in the adjoining room and thereupon entered it, with flash light in left hand, and found Day and Coon lying in bed; not knowing Coon, who was completely covered up with blankets, with the exception of the back of his head, he reached over to pull the blankets off, when claimant grabbed his right arm in which he held the gun. In trying to release himself from the claimant he worked back and forth and finally pulled himself loose; that he did not strike Day with a gun but that he may have been struck with his fist in the struggle; that he had his gun in his right hand and could not very well punch him with a gun in his hand, and that his left hand was on the bed at the end of the struggle.

Taking from the testimony the view most favorable to the claimant, it appears that Trooper Curran, without justification or provocation, struck and beat the claimant. However, there is no proof that Trooper Curran when he was assaulting claimant was acting within the scope of the authority vested in him as an officer of the State. As a matter of fact it affirmatively appears that in assaulting claimant, Trooper Curran exceeded his authority. There was no necessity under the circumstances proven herein to commit any assault on claimant. " The duty of a policeman, under proper circumstances, to make an arrest carries with it the right to use so much of force, and no more, as is reasonably necessary to accomplish the purpose. When the officer goes beyond that

point he ceases to act in behalf of the city, and he assumes the responsibility." (*Donahue* v. *Keeshan,* 91 App. Div. 602, 604.)

Trooper Curran was not making any arrest of claimant when he assaulted him. There is nothing in the record to prove that Trooper Curran was authorized to force claimant to divulge Doyle's whereabouts and to assault claimant in order to have him disclose where Doyle was. Assuming that the assault was committed, Trooper Curran was acting entirely beyond the scope of any actual or apparent authority, and the State is, therefore, not responsible or liable for his acts.

Under the circumstances and upon all the evidence adduced upon the trial, I am constrained to hold that the claim should be dismissed.

BARRETT, P. J., concurs.