In the Matter of the Application of JEAN KAY, Petitioner, Respondent, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order Reviewing the Determination of the Respondent (Appellant) Herein, Appointing One Dr. BERTRAND RUSSELL as Professor of Philosophy in the College of the City of New York, and Directing the Respondent (Appellant) to Rescind and Revoke the Said Appointment of the Said Dr. BERTRAND RUSSELL.*

HARRY J. CARMAN, JOHN T. FLYNN, MARY S. INGRAHAM, JOSEPH J. KLEIN, MARION R. MACK, LAWTON MACKALL, CARRIE K. MEDALIE, JOSEPH SCHLOSSBERG, LAUSON H. STONE, HELEN STRAUS, ORDWAY TEAD and CHAUNCEY L. WADDELL, as Members of the Board of Higher Education of the City of New York and Individually, Intervenors, Appellants.

(Consolidated Appeals.)

First Department, June 19, 1940.

---

* See 173 Misc. 943; 260 App. Div. 849.

*John M. Harlan* of counsel . [*Emory R. Buckner, Charles C. MacLean, Jr.*, and *Philip C. Scott* with him on the brief; *Emory R. Buckner* and *John M. Harlan*, attorneys], for the appellants.

*William S. Bennet* of counsel [*Joseph Goldstein*, attorney], for the respondent.

*William C. Chanler, Corporation Counsel [Frederick vP. Bryan, M. Camper O'Neal* and *John D. J. Moore, Jr.,* with him on the brief], in opposition to appeals.

*Charles H. Tuttle* of counsel for Charles P. Barry, William P. Larkin, Carmyn J. Lombardo, Grace M. McGuire, Ernest P. Seelman, Charles H. Tuttle and Albert Weiss, members of the Board of Higher Education of the City of New York, *amici curiæ.*

PER CURIAM. The present status of the corporation counsel with respect to his duties and powers has remained substantially unchanged since the office was first established by statute. Subdivision a of section 394 of the New York City Charter provides that " * * * the corporation counsel shall be attorney and counsel for the city and every agency thereof and shall have charge and conduct of *all* the law business of the city and its agencies and in which the city is interested." (Italics ours.)

His authority to conduct all law business of the city and its agencies is exclusive. While exceptions are found, they are not here applicable.

By section 395 of the Charter it is provided that " * * * no officer or agency, * * * shall have or employ any attorney or counsel, except where a judgment or order in an action or proceeding may affect him or them individually or may be followed by a motion to commit for contempt of court, in which case he or they may employ and be represented by attorney or counsel at his own or their own expense."

In our opinion the majority of the board of higher education, neither individually nor as a body, come within the purview of the exception contained in this latter section.

In the first place, they do not now assert that they intend to be contumacious and disobey the order. Nor are they placed in a position of jeopardy such as the comptroller found himself in *Buck* v. *City of New York* (214 App. Div. 629). In that case, after rejecting a claim against the city, the comptroller was met with a situation where, in an action brought on the claim, the corporation counsel first defaulted and thereafter entered into a stipulation which the comptroller opposed because he thought it waived all defenses. In such situation, the comptroller, if he refused to pay the claim, might have been met with an order of the court directing him to pay, for violation of which he could be punished for contempt. If he did pay pursuant to the order, he would be violating his oath of office.

A different situation here prevails. There is no duty resting upon the board to engage the services of Russell. The order

restraining them from so doing, therefore, may properly be obeyed by the board.

The other exceptions to the rule, that the corporation counsel is the sole judge as to the conduct of litigation and other law matters, are those in which fraud, collusion or corruption are charged with respect to his doing or not doing an act. Even in such case, the aggrieved officer or agency is not granted the right of appeal, but relegated to actions or proceedings to set aside an order or judgment so obtained. (*Sharp* v. *Mayor, etc., of N. Y.,* 31 Barb. 578.) It is not here contended but that the corporation counsel who represents the city as a whole (*Lowber* v. *Mayor, etc., of N. Y.,* 5 Abb. Pr. 325; *Ramson* v. *Mayor, etc., of N. Y.,* 24 Barb. 226) acted in the exercise of his best judgment.

Another situation where other counsel may be retained is where the official attorney is called upon to represent conflicting interests or is otherwise disqualified. (*Judson* v. *City of Niagara Falls,* 140 App. Div. 62; affd., 204 N. Y. 630; *Matter of Fleischmann* v. *Graves,* 235 id. 84, 91.) Here, there are no conflicting interests.

Under the circumstances, the decision of the corporation counsel with respect to the advisability of appealing from the order setting aside the appointment of Russell is binding. (*People ex rel. Sherrill* v. *Guggenheimer,* 47 App. Div. 9; *People ex rel. Forty-first and Park Avenue Corp.* v. *Walsh,* 199 id. 925.)

It follows, therefore, that the appeal by the board of higher education from the order setting aside its appointment of Russell should be dismissed as not being properly before the court; that the order denying the motion of the board to substitute private attorneys be affirmed and that the order denying the motion of certain members of the board to intervene and for other relief, likewise be affirmed.

In disposing of these appeals we deem it unnecessary, at this time, to pass upon the other questions presented by the briefs which have been submitted to the court and express no opinion with respect thereto.

The appeal from the order entered on the 17th day of April, 1940, should be dismissed, without costs. The orders entered on the 1st day of May, 1940, should be affirmed, without costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Upon first appeal: Appeal from order entered April 17th, 1940, unanimously dismissed, without costs.

Upon second appeal: Order unanimously affirmed, without costs.

Upon third appeal: Order unanimously affirmed, without costs.