Edward F. Crawford, J.
This motion is before the court by way of an order to show cause obtained by the Mayor and Corporation Counsel of the City of Utica seeking to preliminarily enjoin the defendant, Garramone, an attorney employed by the Common Council of the City of Utica and the other defendants, all of whom as members of the common council, from continuing the attorney-client relationship pending the outcome of the underlying action for a declaratory judgment.
The declaratory judgment action seeks to have declared null and void Ordinance No. 307 enacted by the common council of the city on September 18, 1974, or, in the alternative, so much thereof as empowers any attorney other than the corporation counsel of the city to act as legal advisor to the common council in circumstances where the corporation counsel has not refused to act or is not incapable of acting or disqualified from acting.
It is the contention of the plaintiffs that section 201 of the Second Class Cities Law and the provisions of the city charter mandate that only the corporation counsel act as advisor to the common council.
It is the judgment of the court that the application for the preliminary injunction should be denied by reason of the fact that it is by no means clear that the complaint states a cause of action.
It is clear that the Second Class Cities Law, if it be the sole law applicable, casts an impossible burden upon the office of corporation counsel in cases of conflict between the common council and other departments or branches of government of the City of Utica. By its very terms, section 201 thereof requires that the corporation counsel "be and act as legal adviser of the common council and of the several officers, boards and departments of the city” including the office of Mayor. From the papers before us, it appears that the Mayor has heretofore commenced an action against the common *500 council which has proceeded as far as the Appellate Division of this court and that the common council has in turn considered making an investigation into the office of Mayor pursuant to section 40 of the Second Class Cities Law. The corporation counsel, who is appointed by the Mayor pursuant to section 12 of the Second Class Cities Law, has been representing the Mayor in these particular proceedings. How can he be expected to serve two masters?
It is further clear that the courts in this State have recognized an implied authority in municipalities for various boards or branches to appoint independent counsel in cases where there is a clear conflict of interest despite the fact that applicable statutes make no such provision. (Cahn v Town of Huntington, 29 NY2d 451; Judson v City of Niagara Falls, 140 App Div 62, affd 204 NY 630.)
Beyond the implied powers doctrine, it appears to the court that there may be express power which has been given the common council by the Legislature to hire outside counsel where required. Such power is contained in the provisions of section 20 of the Utica City Charter as set forth in the Laws of 1953 (ch 878, § 301). This section, which is very similar to the provision contained in section 20 of chapter 18 of the Laws of 1862, provides in part: "The corporation counsel shall be the head of the law department of said city and shall have the management and charge of all the law business of the corporation in which the city is interested unless the common council otherwise direct * * * He shall, when required by the common council, prepare all legal papers for the city, or town of Utica, and shall be the legal adviser of the common council and of the other departments of the corporation” (emphasis supplied). Such provision appears to the court to have effect in this city by reason of the fact that section 4 of the Second Class Cities Law, as amended by chapter 392 of the Laws of 1925 section 16 of chapter 755 of the Laws of 1965, makes such law applicable until "superseded pursuant to the former city home rule or is or was otherwise changed, repealed or superseded pursuant to law.” Section 301 of chapter 878 of the Laws of 1953 appears to constitute such a supersession. (Fullerton v City of Schenectady, 285 App Div 545, affd 309 NY 701.)
For the above reason and by reason of the fact that there are ongoing adversary proceedings between the parties and further that no adequate showing of irreparable injury has *501 been made, the court declines to grant the provisional remedy of a preliminary injunction sought by the plaintiffs.