In the Matter of KINGSPORT PRESS, INC., Petitioner, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, April 27, 1966.

*Lord, Day & Lord* and *Shea Gallop Climenko & Gould* (*Herbert Brownell, Jesse Climenko, M. Robert Gallop* and *Marcel Shwergold* of counsel), for petitioner. *J. Lee Rankin, Corporation Counsel,* for respondent.

JOSEPH A. SARAFITE, J. Petitioner Kingsport Press, Inc., moves for an order directing that only the Corporation Counsel

of the City of New York may appear as attorney in this proceeding on behalf of respondent Board of Education of the City of New York.

A brief recital of the background of this application is in order. Some time prior to March 15, 1966, respondent board requested an advisory opinion from the office of the Corporation Counsel as to the legality of adopting a certain proposed resolution concerning books produced by petitioner, a printing firm. On March 15, 1966, the Corporation Counsel (by Opinion No. 106259) advised respondent that it had no power to approve the proposed resolution. Nevertheless, on the following day, by a 5 to 4 vote of respondent's members, the resolution was adopted.

Immediately thereafter, the instant article 78 proceeding, seeking a permanent injunction against implementation of the resolution, was commenced. On March 17, 1966, Mr. Justice HECHT of this court issued a temporary restraining order delaying effectuation of the said resolution.

On March 23, 1966, at an informal meeting, respondent's members agreed to retain private counsel in the proceeding. Two days later, the Corporation Counsel officially informed respondent that he would be unable to serve as its attorney in any litigation resulting from respondent's adoption of the said resolution. Thereafter, at a formal meeting on March 30, 1966, the respondent board ratified the action theretofore taken in retaining private counsel. On April 18, 1966, the Corporation Counsel gave his consent in writing to this procedure and action taken by the board. Private counsel, incidentally, has specifically agreed, as a condition of his retainer, as proposed by himself, to serve without pay.

As to the application now before this court, despite whatever motives petitioner may have for seeking the stated relief, there appears to be legal merit to its contention. In the interests of justice and expediency — the article 78 proceeding has been adjourned to May 2, 1966 to await the determination of this motion — the court will disregard any question as to the standing of petitioner to bring on the present request for relief and the application will be treated as one made by a taxpayer, which petitioner has proven itself to be.

The Corporation Counsel is the '' attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies '' (New York City Charter, § 394, subd. a). The Board of Education of the City of New York has been deemed an '' agency '' of the city

within the definition of that term (see New York City Charter, § 1150, subd. 2; *Matter of Kay* v. *Board of Higher Educ.,* 260 App. Div. 912, mot. for lv. to app. den. 285 N. Y. 859). Accordingly, the Corporation Counsel is the statutory attorney for the Board of Education. The express exceptions to this mandate upon the Corporation Counsel are not here applicable. (See New York City Charter, § 395.) Hence, it appears that the Corporation Counsel cannot legally renounce, except for good, clear and exceptional cause shown, his duties as such or acquiesce in the delegation of such duties by any " agency " of the city to private counsel.

This is not a case where there is even a suggestion that the Corporation Counsel is disqualified because of fraud, collusion, corruption or incompetence; and there does not appear any conflict between governmental agencies, which he would normally represent, so as to impose divided loyalties upon him.

The Corporation Counsel cannot be analogized to a private attorney who has the basic right to select clients of his own choosing. Instead, the situation appears more analogous to that of a District Attorney or an Attorney-General or other counsel for a governmental agency. Lawyers acting in such capacity are charged by specific provisions of law with the duty of acting as attorney, counsel and legal adviser and advocate for particular " clients " under designated circumstances.

The Corporation Counsel here cannot forego such duties nor delegate them to private attorneys, merely because his advice on one occasion was disregarded. Such conduct is not a sufficient showing of good cause to warrant either a declination to perform such obligations or a disqualification therefrom. Certainly, in the absence of clear statutory or other binding authority, under the circumstances here presented, the Corporation Counsel cannot refuse or decline to act for respondent in this litigation. Additionally, the respondent board is without express or implied authority to retain private counsel, and the State Education Law does not provide such authority under the facts here set forth.

Nor is it pertinent rebuttal to press the point that the privately retained attorney herein will serve without fee. The foregoing recital of duties and powers is merely skirted, not met, by such argument.

In the opinion of the court a contrary ruling would set an unwise precedent. This is especially so, since here able and competent legal assistance is readily available to the board in the person of the Corporation Counsel and his staff. Moreover, such a holding could only serve in the future as a disruptive

force against orderly procedure and desired harmony in city governmental administration and operation.

For the reasons stated, the motion is granted, and the Corporation Counsel is directed to appear hereafter as sole counsel on behalf of respondent in the instant proceeding.