George L. Cobb, J.
In an article 78 proceeding, respondent moves to change the venue from Supreme Court, Albany County, to Supreme Court, New York County, or Supreme Court, Rockland County, upon the ground that Albany County is an improper venue.
Because CPLR 506 (subd [b]) says, in part, that a proceeding like this may be commenced in any county within the judicial district in which the principal office of the respondent is located, the respondent Attorney-General, who is a constitutional officer of the State (see NY Const, art V, § 1), has been forced to advance the argument that his principal office is not situated in the city, which by statute (State Law, § 1-a) has been designated as our capital city.
It is, of course, a matter of common knowledge that a substantial amount of the State’s business is transacted from State offices located within the City of New York, but the principal office of a constitutional officer of this State must necessarily be located at the seat of State government in the Capitol at Albany. That circumstance has been recognized in recent editions of the Legislative Manual published by the Secretary of State pursuant to section 95 of the Executive Law. For instance, the 1974 edition in the title pages recites "the capítol in Albany is the seat of New York State government, housing the Legislature and the offices of the Governor *364 and Attorney General”, at page 604 the address of the Department of Law is given as "State Capitol, Albany 12224” and thereafter are listed the addresses of the various branch offices of the department throughout the State, including the one located at "2 World Trade Center, New York 10047”.
It follows that Albany County is a proper county of venue for the instant proceeding, and the motion will be denied.