OPINION OF THE COURT
Herbert Kramer, J.
An examination of the papers submitted on this motion discloses the following chronology:
A summons and complaint were served. The defendants answered; the District Attorney appeared pro se and the police department was represented by Rosemary Carroll, variously titled “Special Assistant Corporation Counsel” and “Assistant Commissioner for Civil Matters of the Police Department.”
Thereafter, plaintiff moved for summary judgment. Notwithstanding the absence of opposition thereto, the motion was denied by order of Judge Fuchs. The parties then entered into a stipulation restoring the motion to the calendar. In addition, the District Attorney submitted a new notice of motion “for an order dismissing plaintiff’s motion *** for summary judgment.” In response, plaintiff submitted an affidavit in opposition to the District *530 Attorney’s denominated motion, as well as a reply to the opposition of the police department, all of which ignored the decision of Judge Fuchs and made no reference to the existence of his order.
Initially, this rather convoluted foray into civil practice is one best left to the office of the Corporation Counsel. (Administrative Code of City of New York, ch 16, tit A, § 395-1.0.) Under a similar provision (County Law, § 501) it was held that the County Attorney is charged with defending all actions brought against the District Attorney. (Raynor v Kirk, 30 Misc 2d 1041.)
Similarly, under the New York City Charter and Administrative Code, county and city officials must be represented by the Corporation Counsel (Administrative Code, §395-1.0; New York City Charter, ch 16, § 395; Matter of Abrams v Ronan, 36 NY2d 714; Matter of Kingsport Press v Board of Educ., 52 Misc 2d 276), and this matter is dismiss-able for that failure.
Since there is a decision in the matter by Judge Fuchs, the procedure utilized by the parties to reinstate the matter is improper. The proper procedure is' o move to reargue or reconsider the decision of Judge Fuchs. Furthermore, the defendants should both appear by the Corporation Counsel’s office, deemed the proper representative of these defendants by the Administrative Code. This would accomplish the twofold purpose of complying with the letter of the Administrative Code and also enabling the good offices of the District Attorney to concentrate its talents where needed most, i.e., the enforcement of the criminal law.
Motion denied with leave to renew in proper form.