*64 OPINION OF THE COURT
Herbert Kramer, J.
Petitioner, a court clerk, seeks to compel a change of job classification, pursuant to CPLR article 78.
Respondents, the present and former State Administrative Judges, appeared by personal attorneys employed by the Office of Court Administration (hereinafter referred to as OCA) and seek to change venue. The defendant, Classification Review Board (hereinafter CRB), appeared by the Attorney-General.
Two grounds were advanced for change of venue:
1. Noncompliance with CPLR 506, and
2. Discretionary change of venue based on the appearance of judicial impropriety.
The court, during argument, was struck by the Chief Administrative Judge’s claim of the appearance of judicial impropriety. Does not the very appearance of the Chief Administrative Judge, through a personal attorney father than through the Attorney-General’s office, connote more significance than the retention of jurisdiction within the home county of the court clerk in question?
Section 63 of the Executive Law requires the Attorney-General to prosecute and defend all actions involving the State and its officers (Sassower v Signorelli, 99 AD2d 358). Certain governmental units are allowed to hire counsel while others must use designated counsel (see County Law, § 501; Killen v Property Clerk, 109 Misc 2d 529; cf. General Municipal Law, §§ 371,128, subd 5-a; see, also, appropriate sections of the Public Authorities Law).
By contrast, the Chief Administrator of the Courts does not have the power or authority to hire independent counsel (Judiciary Law, § 212).
Appearance in each case must be by the statutorily designated attorney absent power to hire or conflict of interest (Sassower v Signorelli, supra; People v Shinkle, 51 NY2d 417).
This statutory scheme is comprehensive, far-reaching, and legislated with specific salutary goals. It establishes a uniform litigation policy at each level of government and is *65 intended to establish a reservoir of familiarity in one office with varying and sometimes esoteric bodies of law. Significantly, such a scheme requires review of agency policies prior to and during litigation by a detached officer at each governmental level. Further, it prevents each agency at one particular governmental level from having separate attorneys, absent internal conflict. Additionally, duplication causes unnecessary expense.
In the case at bar, there is no need for two attorneys since, during oral argument, this court has ascertained an absence of conflict. However, this court recognizes that where issues of independence of the judiciary are paramount, this rule may be relaxed. This court holds that the respondent Judges must appear by the Attorney-General.
Venue lies, as a matter of law, in a county where the determination was made; where the principal office of either respondent is located; or where the material events took place (CPLR 506). Minimally, venue will lie in Kings, New York, or Albany Counties.
Petitioner alleges that his job title was reclassified. The descriptive function of an arraignment clerk was raised one grade level while petitioner, an arraignment clerk in Kings County, was kept at the previous level. It is further alleged that the uniqueness of the work in Kings County required a raise in grade.
Alternatively, the actions of the Chief Administrative Judge must be deemed to have been made in Albany, the seat of the State Government (Matter of Normandy Vil. Co. v Lefkowitz, 88 Misc 2d 363).
Finally, the CRB is sited in New York County, within which its determination was made.
Thus, the petitioner’s choice of venue will not normally be disturbed where the petitioner alleges material acts occurring within Kings County (Matter of Knight v New York State Dept. of Environmental Conservation, 110 Misc 2d 196).
The second branch of the motion to change venue must now be considered. That desire, by the Administrative Judge, to change venue, is predicated on the potential appearance of impropriety by a Judge within this county. *66 The petitioner is a clerk of the Arraignment Part, Criminal Term, Supreme Court, located at 120 Schermerhorn Street. This Judge is a Civil Court Judge, now acting as a Supreme Court Justice for less than one year in Criminal Term, at 360 Adams Street. I have never been assigned to Supreme Court Justice at 120 Schermerhorn Street and do not know petitioner. It was indicated at argument that petitioner does not know this Judge. Thus, no argument of specific impropriety can be advanced.
This court holds that absent specific impropriety or other special circumstances, actions against governmental units or officers which are brought in counties of proper venue, should not be transferred because of generalized claims of the appearance of impropriety or of general knowledge of the officer.*
CPLR article 5 covers venue. The common thread in proceedings and actions involving governmental units is to place venue within the county or judicial district wherein the governmental unit is located (CPLR 505, 506). It is obvious from any reading of these sections that statutory legislative preference is for trial within the locality of the office challenged. These statutory provisions, the court holds, override claims of generalized appearance of impropriety such as are claimed here.
Certainly, compliance with the obvious mandate of appropriate statutes cannot result in the appearance of impropriety, while the disregard of statutes may. Additionally, consistency of judicial opinion avoids the appearance of impropriety.
Examination of the merits indicates that a bifurcated process of determination is necessary. The first question *67 presented is whether the reclassification of job titles resulted in the petitioner’s in-title work being described by a higher grade level than the grade to which it was converted. If so, can the petitioner be placed in the higher grade level?
It is clear that the second question must be answered in the negative if a higher classification is given it must be filled through the existing civil service list (Matter of McGuinness v New York State Off of Ct. Admin., 61 NY2d 279). Thus, the article 78 proceeding must fail.
This court, in order to resolve the first question, must convert this proceeding to one for a declaratory judgment. Petitioner, whose name is on the list for senior court clerk, therefore has the status to seek such a declaration.
In reviewing the record, the argument and ultimate determination at the CRB centered on the reasons for the failure to reclassify petitioner’s job as principal court clerk, two levels above his present title. There were not sufficient findings as to the reason for retaining his position as senior court clerk rather than associate court clerk, the middle level position.
The record also bares but does not cover the issue as to whether arraignment clerks in Criminal Court should or should not be classified at a higher level. This, too, is of major concern since it may be that the head clerks in Criminal Court Arraignment Parts may be performing equally or greater than their Supreme Court counterparts. The difference in court hierarchy may not necessarily allow for a title distinction, as the vast majority of felonies are initially arraigned in Criminal Court.
This petitioner may be concerned with the reclassification of all arraignment parts positions within the City of New York.
While this court may hold a hearing, it is most appropriate to refer the matter to the CRB. The record presented is barren as to the determination of the afore-mentioned issues and must be returned to the CRB for the creation of a complete record and determination of the remaining issues (Matter of Schwartz v Bermen, lv to app den).

 In Dudley v Justices ofApp.Div. (index No. 17127/82), a proceeding was instituted against the county clerk and the Appellate Division in their rule-making and administration of the jury system within Kings County. A motion for change of venue, strikingly similar to the one herein, was made on the ground of “great possibility of the existence of personal or professional relationships between Supreme Court trial judges and the Commissioner of Jurors and/or members of the Appellate Division.” The defendants, curiously enough, appeared by the Office of the District Attorney. Both sides, in their briefs, failed to call to the court’s attention, the appropriate venue provisions of the CPLR. The original decision of the court was recalled and the court decided that the motion should be denied on grounds set forth in the main body of this opinion.
Upon discovery by a clerk of the lack of service of notice of settlement, it became apparent that an intricate civil matter was being litigated by attorneys from the District Attorney’s office and criminal division of the Legal Aid Society.