■ In the Matter of FIDUCIARY TRUST COMPANY OF NEW YORK et al., Appellants, v STATE TAX COMMISSION, Respondent.

—Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 12, 1985 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent sustaining a personal income tax assessment imposed under Tax Law article 22.

Petitioners are the trustees and/or executors of various trusts and estates (taxpayers). Each taxpayer realized long-term capital gains for Federal and New York income tax purposes during 1972. Each taxpayer made an overpayment of taxes due for said year and filed belated requests for refunds of said overpayments in 1979. However, the three-year Statute of Limitations period for filing refund requests under Tax Law § 687 (a) had expired. Therefore, claims for refunds made by petitioners were denied by respondents. Petitioners exhausted their administrative remedies and commenced this CPLR article 78 proceeding to annul the determination of respondent, claiming that they were entitled to the refunds under the provisions of Tax Law § 697 (d). Special Term, in a decision dismissing petitioners' application, found that the provisions of Tax Law § 697 (d) were discretionary, not mandatory, and held that it could not, in such circumstances, substitute its discretion for that of respondent. Judgment was thereafter entered dismissing the petition. This appeal ensued.

Special Term's judgment should be affirmed. Where, as here, petitioners filed requests for tax refunds after the three-year Statute of Limitations period provided in Tax Law § 687 (a) had expired, respondent properly denied their requests for refunds.

There is no dispute that the refund claims in this matter were not filed within the time period set forth in Tax Law § 687 (a). Petitioners, however, claim they are entitled to refunds under Tax Law § 697 (d), which provides: "Special refund authority.—Where no questions of fact or law are involved and it appears from the records of the tax commission that any moneys have been erroneously or illegally collected from any taxpayer or other person, or paid by such taxpayer or other person under a mistake of facts, pursuant to the provisions of this article, the tax commission at any time, without regard to any period of limitations, shall have the power, upon making a record of its reasons therefor in writing, to cause such moneys so paid and being erroneously and illegally held to be refunded and to issue therefor its certificate to the comptroller." Petitioners argue that no question of fact or law is involved in the instant dispute and that respon-

dent, therefore, had the power to grant refunds. They further contend that this power is not merely discretionary in cases such as this, but mandatory. We disagree.

There can be no recovery of taxes voluntarily paid, without protest, under a mistake of law *(Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, 429). In the case at bar, there was a question of law relating to the constitutionality of a retroactive provision contained in a 1973 amendment to Tax Law § 618. This question was settled by the Court of Appeals in 1978 in *Clarendon Trust v State Tax Commn.* (43 NY2d 933, *cert denied* 439 US 831). However, petitioners waited approximately six years after their returns were filed and taxes paid, and after the *Clarendon* decision was rendered before they sought their tax refunds. Thus, petitioners chose not to file any claims for refunds during the time when a valid claim for a refund could have been filed under Tax Law § 687 (a) and a question of law existed as to their ability to obtain a tax refund.

The refund power under Tax Law § 697 (d) is permissive in language. While, under certain circumstances, statutes permissive in language have been construed to be mandatory, as when the taxpayer would not have a remedy without the relief afforded by the statute *(see, Mercury Mach. Importing Corp. v City of New York, supra),* the instant matter does not present such a situation. Petitioners could have filed timely claims for refunds under Tax Law § 687 (a). Their failure to do so does not warrant a mandatory construction of Tax Law § 697 (d). This case differs from *People ex rel. Otsego County Bank v Board of Supervisors* (51 NY 401), relied on by petitioners, where, but for the mandatory construction given the law in question in that case, the taxpayer would have had no relief at all.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.