■ RALPH J. LAMBERTI, as President of the Borough of Staten Island, et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 21, 1989, granting defendants' motion pursuant to CPLR 3211 to dismiss the verified complaint, on the ground that plaintiff Lamberti, suing in his official capacity was precluded from retaining private counsel, pursuant to New York City Charter §§ 394 (a) and 395, unanimously affirmed, without costs or disbursements.

The former Staten Island Borough President's challenge to the authority of defendants to increase the toll on the Verrazano Narrows Bridge was properly dismissed since said plaintiff, seeking relief in his official capacity, should have been represented by the New York City Corporation Counsel. "[T]he New York City Charter, which governs every * * * officer of the City, states that the Corporation Counsel shall have exclusive responsibility for 'the law business of the city and its agencies' and it unequivocally prohibits City officers and agencies from employ[ing] any attorney or counsel' except at their own expense in a matter which 'may affect him or them individually' (NY City Charter § 394 [a]; § 395)." (Caruso v New York City Police Dept. Pension Funds, 72 NY2d 568, 575; see also, Matter of Abrams v Ronan, 36 NY2d 714.)

Plaintiffs' claim that the Corporation Counsel's refusal to represent the Borough President gives the latter "implied authority" to retain private counsel is unavailing since the Charter provisions deprive the courts of the power to recognize the authority of a private attorney appearing for the city, except in the limited circumstances not here applicable. *(See also, Matter of Kay v Board of Higher Educ.,* 260 App Div 9.) The only judicially created exceptions to the rule that the Corporation Counsel has exclusive authority to conduct all law business of the city and its officers are where there is a void in representation created by the Corporation Counsel's disqualification from representation because of, for example, conflict of interest, fraud, collusion, corruption or incompetence *(see, supra,* at 12; *Matter of Kingsport Press v Board of Educ.,* 52 Misc 2d 276, 278). Since this is not an instance in which the dispute would require the Corporation Counsel to represent city agencies or officials against one another, thereby imposing divided loyalties upon him, there is no conflict of interest which entitles the Borough President to retain private counsel. *(See, supra.)* This reasoning would justify dismissal as against intervenor-plaintiff Albanese, a member of the City Council, as well.

As to intervenor-plaintiff Connelly, a member of the State Assembly, to whom New York City Charter §§ 394 (a) and 395 do not apply, since said intervenor failed to support her motion for intervention with a proposed pleading, as required by CPLR 1014, the motion to dismiss was properly granted as to her. Said intervenor could only pursue this lawsuit through the former Borough President's complaint and thus was bound by its deficiencies, including the failure to comply with New York City Charter §§ 394 (a) and 395. *(Matter of Colonial Sand & Stone Co. v Flacke,* 75 AD2d 894.) Moreover, the motion to intervene was made two months after issue was joined on defendants' motion to dismiss and while the issue of noncompliance with said Charter provisions was *sub judice.* Thus, said plaintiff's intervention was an obvious effort to salvage a defective complaint, which will not be countenanced. She may, of course, commence a new action if so advised. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.