■ In the Matter of NORTH FORK ENVIRONMENTAL COUNCIL, INC., Appellant, v JOSEPH F. JANOSKI et al., Respondents, and AUGUST ROMANO et al., Intervenors-Respondents. [601 NYS2d 178] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead, dated August 15, 1989, which granted the special permit application of Mill Pound Commons for a condominium use, the petitioner appeals from an order and a judgment (one paper) of the Supreme Court, Suffolk County (Gerard, J.), entered October 12, 1990, which granted the respondents' cross motions for reargument, and, upon reargument, found that the environmental impact statements filed and accepted by the Town Board of the Town of Riverhead were not defective, and dismissed the petition.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents and the intervenors-respondents appearing separately and filing separate briefs.

The intervenors own a parcel of property in the Town of Riverhead upon which they seek to build a condominium development. The parcel is located in the Saw Mill Creek basin, an area which had allegedly been designated a Critical Environmental Area pursuant to the State Environmental Quality Review Act (hereinafter SEQRA) (see, ECL 8-0103) and its attendant regulations (see, 6 NYCRR 617.4 [h]). In performing an environmental review of the project, the Town Board of the Town of Riverhead did not consider the cumulative environmental effects of the subject project along with other proposed projects located within the Saw Mill Creek basin. However, contrary to the petitioner's contention, we find that the various projects were not "reasonably related" to each other, and, thus, a cumulative impact review was not mandatory.

In evaluating the potential environmental effect of a project before it, "the lead agency must consider reasonably related long-term, short-term and cumulative effects, including other simultaneous or subsequent actions which are * * * included in any long-range plan of which the action under consideration is a part" (6 NYCRR 617.11 [b] [1]). In all other circumstances, consideration of the cumulative effects of projects other than the one immediately proposed is permissible but not mandatory *(see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 80 NY2d 500, 513; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 205; *see also,* 6 NYCRR 617.15 [a] [1]).

Common ownership of the pending projects is not necessarily a prerequisite for a mandatory cumulative impact study. Indeed, "in some circumstances, the 'relatedness' element may be satisfied if 'the project at issue * * * is * * * part of a larger plan designed to resolve conflicting specific environmental concerns in a subsection of a municipality with special environmental significance' " *(Matter of Long Is. Pine Barrens Socy. v Planning Bd., supra,* at 513, quoting *Matter of Save the Pine Bush v City of Albany, supra,* at 206; *Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359). Projects may be deemed "related" when municipalities' plans, in and of themselves, provide a sufficiently cohesive framework for mandatory cumulative impact review. The decisive factor is the existence of a "larger plan" for development, not the proposed projects' common geographical base. Significantly, "the existence of a broadly conceived policy regarding land use in a particular locale is simply not a sufficiently unifying ground for tying otherwise unrelated projects together" *(Matter of Long Is. Pine Barrens Socy. v Planning Bd., supra,* at 513).

We find no merit to the petitioner's assertion that the parcels were unified by virtue of the fact that they were located in a designated Critical Environmental Area. Even assuming, arguendo, that the designation was valid at the time of the Town Board's SEQRA review, such a designation did not, in and of itself, constitute a "cohesive framework" for development *(cf., Matter of Save the Pine Bush v City of Albany, supra; Chinese Staff & Workers Assn. v City of New York, supra; Matter of Long Is. Pine Barrens Socy. v Planning Bd., supra).* Rather, the only consequence of the designation was that "unlisted actions" located in the Critical Environmental Area had to be handled as "Type I" actions and were thus more likely to require the preparation of an Environmental Impact Statement *(see,* 6 NYCRR 617.2 [i]; 617.4 [h]).

We further find that the Town Board did not violate SEQRA by failing to consider the impact of the condominium project on alleged archaeological resources. Significantly, neither the Town Board, the involved agencies, nor the petitioner had asserted during the environmental review process that archaeological impacts could be reasonably anticipated. It is axiomatic that a particular subject area of environmental concern need not be included in an Environmental Impact Statement unless there is a reasonable basis for doing so *(see generally,* 6 NYCRR 617.11 [a]; 617.14 [f] [3]; *see also,* 6 NYCRR 617.7 [c], [d]).* Here, there had been no indication during the SEQRA review that archaeological impacts would be relevant.

The petitioner contends that during the SEQRA review it submitted a comment to the Town Board in which it asserted that a cultural resource study should be carried out. However, no such comment appeared in the Town Board's SEQRA file and there was no discussion of archaeological issues at any of the public hearings. In any event, the petitioner's alleged comment was conclusory and unsupported by any proof that such a study was, in fact, relevant. Although the petitioner eventually submitted an affidavit supporting its contention that archaeological impacts were a relevant area of concern, this affidavit did not appear until after the Town Board's SEQRA review was complete. As such, the affidavit appeared too late. As the Court of Appeals has noted, "the [Environmental Impact Statement] process is designed as a cooperative venture, the intent being that an agency have the benefit of public comment before issuing a [Final Environmental Impact Statement] and approving the project; permitting a party to raise a new issue after issuance of the [Final Environmental Impact Statement] or approval of the action has the potential for turning cooperation into ambush" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 427).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.