■ In the Matter of MARK GREEN, as Public Advocate for the City of New York, Respondent-Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Appellants-Respondents. [679 NYS2d 383] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered January 15, 1998, which, in a CPLR article 78 proceeding by petitioner Public Advocate (1) to compel respondent Police Commissioner to provide petitioner with access to all substantiated Civilian Complaint Review Board complaints and all case files of potential discipline initiated by the Internal Affairs Division and/or the Advocate's Office based on complaints by the public for the period between January 1, 1995 and December 31, 1996, and (2) to compel respondent Corporation Counsel to authorize petitioner to retain outside counsel to represent him in this matter, granted the application as to (1) on the condition that the names of the police officers involved and any other identifying information be redacted, and denied the application as to (2), unanimously modified, on the law, to the extent of authorizing petitioner to retain outside counsel nunc pro tunc and remanding to the IAS Court for a determination of the appropriate fee, and otherwise affirmed, without costs.

We agree with the cogent analysis of the IAS Court (174 Misc 2d 400) that petitioner is entitled to the records in question in furtherance of his independent duties under the New York City Charter, subject to appropriate redaction as was done here, that Civil Rights Law § 50-a does not bar such access, that New York City Charter § 24 (j) is permissive and therefore does not require petitioner to exhaust his administra-

tive remedies by seeking a subpoena from the appropriate committee of the New York City Council, and that petitioner has the capacity to institute litigation. However, petitioner should have been authorized to retain outside counsel, the Corporation Counsel being in a position of obvious conflict in this dispute between two City public officials (*cf., Lamberti v Metropolitan Transp. Auth.*, 170 AD2d 224). In remanding, we note that the fee request was not documented. Concur—Rosenberger, J. P., Nardelli, Wallach and Saxe, JJ. [*See*, 174 Misc 2d 400.]