■ In the Matter of NOSLEN CORPORATION et al., Appellants, v ONTARIO COUNTY BOARD OF SUPERVISORS, Respondent. [744

NYS2d 737] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Ontario County (Bergin, J.), entered July 17, 2001, which dismissed the CPLR article 78 proceeding.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners contend in this combined CPLR article 78 proceeding and declaratory judgment action that respondent failed to comply with the State Environmental Quality Review Act (SEQRA) (ECL art 8) in authorizing the construction of a new county jail within the county complex in Hopewell. Because the only challenge is to respondent's compliance with SEQRA (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416), petitioners properly commenced a CPLR article 78 proceeding but not a declaratory judgment action (*see Matter of Sutherland v Glennon*, 221 AD2d 893, 893-894; *Matter of Russo v Jorling*, 214 AD2d 863, 864-865, *lv denied* 86 NY2d 705). In any event, although Supreme Court properly dismissed the proceeding, it should have done so on the ground that petitioners lack standing to raise their SEQRA challenge. The fact that petitioners own an inn located at least three quarters of a mile from the county jail project "is insufficient, without more, to confer standing" (*Matter of Many v Village of Sharon Springs Bd. of Trustees*, 218 AD2d 845, 845 [internal quotation marks omitted]; *see Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 549-550, *lv denied* 96 NY2d 716; *Matter of Darlington v City of Ithaca*, 202 AD2d 831, 833; *Matter of Casement v Town of Poughkeepsie Planning Bd.*, 162 AD2d 685, 687, *lv dismissed* 76 NY2d 930, *rearg denied* 76 NY2d 1018), and petitioners failed to establish that "they will suffer an environmental impact in fact" (*Matter of Piela v Van Voris*, 229 AD2d 94, 95). Although the conclusory allegations of the amended verified petition concerning increased traffic and pollution "are sufficient to *state* petitioners' claim of standing, they are lacking in probative value and [do] not of themselves suffice to *establish* it" (*id.* at 96).

We further conclude that petitioners' substantive challenge under SEQRA lacks merit. Contrary to petitioners' contention, respondent did not improperly segment the jail project from other county projects. The record establishes that the construction of the new jail is a discrete project that is not part of any long-range plan of action, and thus segmentation did not occur (*see Matter of Village of Tarrytown v Planning Bd. of Vil. of*

*Sleepy Hollow*, 292 AD2d 617). Because the jail project is independent of potential future plans to expand existing facilities at the County complex, a review of the cumulative impact of the jail project and future potential projects at the complex was not required (*see id.*; *Matter of North Fork Envtl. Council v Janoski*, 196 AD2d 590, 591). Contrary to petitioners' further contentions, respondent considered alternative sites for the jail on property not presently owned by Ontario County and took the requisite hard look at the need for a new jail and the effect of the project on the water system, traffic at a nearby intersection and the geology of the proposed site (*see Jackson*, 67 NY2d at 417). Respondent's failure to consider the historic and aesthetic significance of the inn was reasonable given the fact that the inn is located at least three quarters of a mile from the jail project (*see Matter of Neville v Koch*, 79 NY2d 416, 425). Although petitioners additionally contend that respondent failed to comply with SEQRA's procedural requirements, they fail to allege the violation of any specific procedural requirement. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.