■ In the Matter of CUSTOM TOPSOIL, INC., et al., Respondents, v CITY OF BUFFALO et al., Appellants. (Appeal No. 2) [879 NYS2d 854]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 6, 2008 in a proceeding pursuant to CPLR article 78. The order, among other things, denied the motion of respondents/defendants to dismiss the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioners/plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul a "Stop All Work Order" issued by respondents/defendants (respondents) in May 2007. Respondents previously issued a letter in August 2006 determining that the amended use permit for the operation of a portable concrete mixing plant on property owned by petitioner 1070 Seneca Street, Inc. and leased by petitioner Custom Topsoil, Inc. had expired. We note at the outset that a declaratory judgment action is not an appropriate procedural vehicle for challenging respondents' determination. Petitioners do not challenge the constitutionality of any statutes or regulations, and thus the hybrid proceeding and action is properly only a CPLR article 78 proceeding (*see generally Matter of Noslen Corp. v Ontario County Bd. of Supervisors*, 295 AD2d 924, 925 [2002]; *Matter of Sutherland v Glennon*, 221 AD2d 893, 893-894 [1995]). We further note that, although no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding (*see* CPLR 5701 [b] [1]), we nevertheless treat the notice of appeal as an application for permission to appeal and grant respondents such permission (*see Matter of Engelbert v Warshefski*, 289 AD2d 972 [2001]).

We agree with respondents that Supreme Court erred in denying their motion to dismiss the petition as time-barred, pursuant to the four-month statute of limitations applicable to CPLR

article 78 proceedings. The August 2006 letter gave petitioners sufficient notice of respondents' final determination that the amended use permit in question had expired (*see Matter of Essex County v Zagata*, 91 NY2d 447, 453-454 [1998]; *New York Coalition for Quality Assisted Living, Inc. v Novello*, 53 AD3d 914, 915-916 [2008], *lv denied* 11 NY3d 715 [2009]), and petitioners failed to commence this proceeding within four months of their receipt of that letter (*see* CPLR 217 [1]). The subsequent May 2007 order did not renew or revive the statute of limitations period because respondents did not " 'conduct[ ] a fresh and complete examination of the matter based on newly presented evidence' " (*Matter of Finger Lakes Racing Assn., Inc. v State of N.Y. Racing & Wagering Bd.*, 34 AD3d 895, 897 [2006], *lv denied* 8 NY3d 810 [2007]; *see also Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 746 [2003]). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.