# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1523**
**CA 10-01320**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF CUSTOM TOPSOIL, INC.
AND 1070 SENECA STREET, INC.,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, RESPONDENT-DEFENDANT-APPELLANT.

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.

HARTER SECREST & EMERY LLP, BUFFALO (CRAIG A. SLATER OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated decision and order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 29, 2010 in a proceeding pursuant to CPLR article 78 and a declaratory judgment action. The judgment, among other things, declared null and void certain conditions the City of Buffalo attached to a use permit.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to compel respondent-defendant (respondent) to issue a new use permit omitting certain language included in the most recent use permit issued by respondent. That permit allowed petitioners to operate a "portable concrete mixing plant" and to conduct "rock and stone crushing" pursuant to Buffalo City Code § 511-48 (B) (4). The language at issue provided that the "permit does not allow a construction and demolition debris processing facility as defined in 6 NYCRR 360-1.2 (b) (39). More specifically, [the] permit does not allow any activities requiring permitting, registration or reporting under 6 NYCRR [360-1.4]. Per [resolution of the City of Buffalo's] Common Council . . ., concrete crushing is not a permitted use." Petitioners alleged that respondent's determination to include such language was arbitrary and capricious. We note at the outset that Supreme Court properly determined that the proceeding and declaratory judgment action was only a CPLR article 78 proceeding. "Petitioners do not challenge the constitutionality of any statutes or regulations" (*Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511, 1511), and they have an adequate remedy by way of the CPLR

article 78 proceeding (*see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765).

We reject the contention of respondent that the court erred in denying its motion to dismiss the petition on the ground that it is barred by the doctrine of collateral estoppel and the four-month statute of limitations. In a prior appeal with respect to a related proceeding involving petitioners and respondent, we reversed the order denying the respondents' motion to dismiss as time-barred the petition seeking, inter alia, to annul a "Stop All Work Order" issued in May 2007 (*Custom Topsoil, Inc.*, 63 AD3d 1511). We concluded that a letter issued by the respondents in August 2006 "gave petitioners sufficient notice of respondents' final determination that the amended use permit [for the operation of a portable concrete mixing plant] had expired" (*id.* at 1512). Here, however, petitioners seek to compel respondent to issue a new permit, a matter that has not been litigated in any prior case (*see O'Donnell v Ferguson*, 23 AD3d 1005, 1007), and the letter issued by respondent in August 2006 did not unequivocally inform petitioners that concrete crushing activities were not permitted under a permit to operate a concrete mixing plant (*see generally* CPLR 217 [1]; *Nickerson v City of Jamestown*, 178 AD2d 1003). Even assuming, arguendo, that the matter had been raised in the prior proceeding, we conclude that this proceeding is not barred inasmuch as we dismissed the petition in the prior proceeding as time-barred (*Custom Topsoil, Inc.*, 63 AD3d 1511; *see Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d 566, 575 n 5).

Contrary to the further contention of respondent, the court properly denied its motion to dismiss the petition on the ground that petitioners failed to exhaust their administrative remedies. Buffalo City Code § 511-125 (B), which pertains to the Zoning Board of Appeals, provides: "In case it is alleged by an appellant that there is error or misinterpretation in any order, requirement, decision, grant or refusal made by . . . [an] administrative official having authority to issue licenses or permits in the carrying out or enforcement of the provisions of . . . chapter [511], an appeal *may be filed* in the manner hereinbefore specified and a decision shall be made by the [Zoning] Board of Appeals" (emphasis added). Because the language of that provision is permissive rather than mandatory, petitioners were not required to file such an appeal (*see Triomphe Disc Corp. v Chilean Line*, 93 AD2d 228, 231; *Matter of Green v Safir*, 174 Misc 2d 400, 404-405, *mod on other grounds* 255 AD2d 107, *lv dismissed and denied* 93 NY2d 882; *see also Matter of Fiduciary Trust Co. of N.Y. v State Tax Commn.*, 120 AD2d 848, 850).

In its answer, respondent contended as an objection in point of law that the language in the permit prohibiting use of petitioners' property for a construction and demolition debris processing facility was not arbitrary and capricious. We agree with respondent, and we thus conclude that the court erred in determining that the language in question was an arbitrary and capricious "condition" and in granting the petition. In our view, the language at issue is neither a "condition" of the permit nor a prohibition on the actual use of crushed concrete in petitioners' concrete-making activities. It is a

mere clarification of the scope of the permit, which recognizes the fact that concrete-crushing may fall under the ambit of 6 NYCRR part 360.  Although petitioners correctly contend that there is no language in the Buffalo City Code defining a "concrete mixing plant," we conclude that there is no ambiguity in the language at issue that could be construed to grant them the right to "crush" materials from demolished buildings or structures to be made into concrete (*see generally Incorporated Vil. of Saltaire v Feustel*, 40 AD3d 586, 587).

In addition, petitioners failed to establish that they were not required to be registered or to obtain a permit pursuant to 6 NYCRR part 360, which provides in-depth regulation concerning the processing of construction and demolition debris and other solid waste.  Inasmuch as petitioners have "failed to establish that they have a clear legal right to the relief they seek," i.e., a permit without the language at issue, we reverse the order and dismiss the petition (*see Matter of Eck v Mayor of Vil. of Attica*, 28 AD3d 1195, 1196).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court