■ In the Matter of LETITIA JAMES, Respondent, et al., Petitioners, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [60 NYS3d 810]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered September 29, 2016, which, insofar as appealed from as limited by the briefs, denied the cross motion to dismiss the proceeding brought pursuant to CPLR article 78 as against respondents New York City Department of Education and Chancellor Carmen Farina, unanimously reversed, on the law, without costs, and the cross motion to dismiss the proceeding as against those respondents granted. The Clerk is directed to enter judgment accordingly.

The Public Advocate lacks capacity to bring this suit, since she undisputedly lacks express statutory authority to do so, and such capacity is not implied by her powers and duties pursuant to NY City Charter § 24 (*see Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155-156 [1994]; *cf. Matter of Green v Safir*, 174 Misc 2d 400 [Sup Ct, NY County 1997], *affd* 255 AD2d 107 [1st Dept 1998], *lv denied* 93 NY2d 882 [1999]).

The Public Advocate also lacks standing to bring this suit. The Public Advocate, who does not claim third-party standing, fails to establish that she will suffer harm in the absence of the relief sought, since she does not challenge any administrative act or omission interfering with matters within her purview (*cf. Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 443 [1983]).

In any event, petitioners are not entitled to the "extraordinary remedy" of mandamus (*Matter of County of Chemung v Shah*, 28 NY3d 244, 266 [2016] [internal quotation marks and citation omitted]), which "is generally not available to compel government officials to enforce laws and rules or regulatory schemes that plaintiffs claim are not being adequately pursued" (*Alliance to End Chickens as Kaporos v New York City Police Dept.*, 152 AD3d 113, 118 [1st Dept 2017]). The relief sought does not concern mere "acts which are mandatory but are executed through means that are discretionary," but involves "acts the exercise of which is discretionary" (*Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]), such as deciding whether to seek penalties for particular violations of Administrative Code of City of NY § 19-605 (a) by bus companies in performing their contracts with respondent Department of Education. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.