Matter of Witryol v CWM Chem. Servs., L.L.C. (2019 NY Slip Op 05887)





Matter of Witryol v CWM Chem. Servs., L.L.C.


2019 NY Slip Op 05887


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


461 CA 18-02262

[*1]IN THE MATTER OF AMY H. WITRYOL AND THOMAS FRECK, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
CWM CHEMICAL SERVICES, L.L.C., WASTE MANAGEMENT, INC., NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, MAUREEN BRADY, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 REGIONAL ATTORNEY, DAVID STEVER, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 ASSISTANT REGIONAL ATTORNEY, AND PETER GRASSO, P.E., NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 MATERIALS MANAGEMENT ENGINEER, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (THOMAS R. SMITH OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS CWM CHEMICAL SERVICES, L.L.C. AND WASTE MANAGEMENT, INC.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JOSHUA M. TALLENT OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, MAUREEN BRADY, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 REGIONAL ATTORNEY, DAVID STEVER, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 ASSISTANT REGIONAL ATTORNEY, AND PETER GRASSO, P.E., NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION REGION 9 MATERIALS MANAGEMENT ENGINEER. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Mark A. Montour, J.), entered May 8, 2018 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, granted respondents-defendants' motions to dismiss the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) are owners of land near a waste management site owned and operated by respondent-defendant CWM Chemical Services, L.L.C. (CWM) in Model City, New York (Model City facility). Petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, among other things, to annul certain "decisions" of respondent-defendant New York State Department of Environmental Conservation (DEC) and procure a declaration that, inter alia, CWM must "immediately cease" hazardous waste treatment and storage operations at the Model City facility. Petitioners alleged that the applicable siting certificate authorized CWM to engage in the disputed waste treatment and storage operations only while Residuals Management Unit No. 1 (RMU-1), a sub-facility within the larger Model City facility, remained active. According to petitioners, once CWM [*2]capped and closed RMU-1, waste treatment and storage operations became unauthorized at the Model City facility generally, and CWM was thus required to obtain a new siting certificate in order to continue waste treatment and storage operations at the Model City facility. On the motions of respondents-defendants (respondents), Supreme Court, inter alia, dismissed the petition-complaint (petition) against them on the grounds that, among other things, the "decisions" challenged by petitioners did not constitute final agency decisions. We affirm.
As a preliminary matter, we note that a "declaratory judgment action is not an appropriate procedural vehicle for challenging the . . . administrative determination[ ] [in question], and thus the proceeding/declaratory judgment action . . . is properly only a proceeding pursuant to CPLR article 78" (Matter of Smoke v Planning Bd. of Town of Greig, 138 AD3d 1437, 1438 [4th Dept 2016], lv denied 28 NY3d 901 [2016] [internal quotation marks omitted]; see Matter of Custom Topsoil, Inc. v City of Buffalo, 81 AD3d 1363, 1364 [4th Dept 2011], lv denied 17 NY3d 709 [2011]). Further, the relief requested in the declaratory judgment action, i.e., that CWM must "immediately cease" waste treatment and storage operations, is properly sought under CPLR article 78, as opposed to CPLR 3001 (see generally Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 89 [2d Dept 2011]).
Contrary to petitioners' contention, their challenge did not relate to a final agency decision. CPLR article 78 prohibits challenges to non-final determinations (see CPLR 7801 [1]; Matter of Cor Rte. 5 Co., LLC v Village of Fayetteville, 147 AD3d 1432, 1433 [4th Dept 2017]). A determination is final only where (1) "the agency must have reached a definitive position on the issue that inflicts actual, concrete injury" and (2) "the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; see Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]; Cor Rte. 5 Co., LLC, 147 AD3d at 1433). As limited by their initial and reply briefs, petitioners contend that a June 2017 letter from the DEC to CWM constitutes a final agency decision for the purpose of this article 78 proceeding. That letter, however, simply states that CWM fulfilled its obligations under its permit in capping RMU-1. At most, the letter reflects the DEC's determination that CWM had properly capped RMU-1 and that RMU-1 had ceased active operations. Inasmuch as the letter does not mention waste treatment and storage operations and does not address whether the capping of RMU-1 impacts other Model City facility operations, it does not amount to a final agency decision implicating the injury alleged in the petition.
In light of our determination, petitioners' remaining contentions are academic.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court