■ MOBIL OIL CORPORATION, Respondent, v. ALEXANDER B. LIVINGSTON, Appellant. (Appeal No. 2.) — Order unanimously affirmed with costs. (Appeal from order of Onondaga Special Term settling record.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

■ HARRY RYDER, Respondent, v. TRAVELERS INSURANCE COMPANY, Appellant, and MVAIC, Intervenor-Respondent.— Order unanimously affirmed, without costs. Memorandum: Plaintiff recovered judgment on a $15,000 verdict in his favor against one Liberatore, driver, and Cue Car Rentals, Inc., owner of a vehicle which injured him (see 32 A D 2d 143). Cue Car Rentals, Inc.'s insurer, appellant herein, disclaimed liability, and plaintiff instituted an action against it to test the validity of the disclaimer. MVAIC moved to intervene, and Special Term granted the motion. Appellant contends that this was error because (1) MVAIC has no right to intervene and (2) its motion papers are defective for failure to serve therewith its proposed pleading (CPLR 1014). Appellant contends that *Wallace* v. *MVAIC* (25 N Y 2d 384) establishes that MVAIC has no right to intervene in a case such as this. *Wallace* held that MVAIC although not a party, was bound by the judgment obtained in good faith in an action wherein the insurer successfully disclaimed. Some language of the court tends to support appellant's position here, but the court was not addressing itself to the issue herein. There is a difference between a determination that MVAIC is not a necessary party under the statute (and even in certain cases may not be made a party against its will) and that, on its application, it may be permitted to intervene. Since plaintiff has a judgment against the tort-feasors, he is entitled to recover against their insurer or MVAIC. This is a classic case for intervention, and we think Special Term was correct in granting the order (*Russo* v. *Pacific of N. Y. Group,* 28 A D 2d 1130; *United Services Auto. Assn.* v. *Graham,* 21 A D 2d 657; CPLR 1013). Although the moving papers were defective for lack of a copy of movant's proposed pleading, the full affidavit in support of the motion made very clear the proposed defense and appellant was not prejudiced by absence of the pleading, which has since been served on it. We find that Special Term, in the interest of justice, properly exercised its discretion in authorizing the intervention on these papers (see CPLR 2214, subd. [c]). (Appeal from order of Onondaga Special Term granting motion to intervene.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v. MARSHALL MURRAY et al., Petitioners.— Application for review unanimously denied, cross motion for dismissal granted and petition dismissed, all without costs. (Review of determination of State Division; also motion to dismiss petition for failure to appeal to Appeal Board.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLIFFORD THOMAS, Appellant.— Order unanimously vacated and petition dismissed. The proceeding in County Court was a nullity because the *coram nobis* application related to an Erie County Supreme Court conviction. (Appeal from order of Erie County Court denying motion to vacate judgment of conviction entered March 9, 1956.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.