◼ STERLING NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Plaintiff, and CHARLES BORNSTEIN, as Trustee in Bankruptcy of METRIC METALS INTERNATIONAL, INC., Intervenor-Appellant, v AMBASSADOR FACTORS CORPORATION, Respondent. STERLING NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant, and CHARLES BORNSTEIN, as Trustee in Bankruptcy of METRIC METALS INTERNATIONAL, INC., Intervenor-Respondent, v AMBASSADOR FACTORS CORPORATION, Appellant. — Order, Supreme Court, New York County (Meyers, J.), entered April 17, 1980, which granted the motion of the plaintiff-intervenor for permission to intervene, unanimously reversed, on the law and in the exercise of discretion, with costs and disbursements, and the motion denied. Appeal from order, Supreme Court, New York County (Kassal, J.), entered August 28, 1980, granting defendant's motion to dismiss the plaintiff-intervenor's complaint, dismissed as academic, without costs or disbursements. Sterling National Bank and Trust Company of New York brought an action against Ambassador Factors Corporation alleging, in substance, that Ambassador had conspired with Metric Metals International, Inc., to conceal Metric's fraud in falsifying and fabricating invoices to reflect fictitious accounts receivable, all as part of a scheme to induce Sterling to be substituted for Ambassador as Metric's secured lender. Nine months after Sterling's substitution as Metric's lender Metric filed a petition in bankruptcy under chapter 11 of the Bankruptcy Act. Plaintiff-intervenor Bornstein was named as trustee. Sixteen months after the commencement of this action the trustee successfully moved at Special Term for leave to intervene (CPLR 1013), arguing that its claim against Ambassador and Sterling's main action pose essentially the same issues. Intervention should not have been granted. It is not necessary to reach the issue of whether the trustee's application was untimely, as Sterling contends, since the trustee's claim against Ambassador and Sterling's complaint lack "a common question of law or fact" (CPLR 1013). Sterling alleges fraud in the inducement. The trustee, on the other hand, attempts, by some esoteric reasoning, to weave under section 276 of the Debtor and Creditor Law, a "fraudulent conveyance" claim, which focuses on Metric's momentary possession of a check drawn to its order by Sterling, which check Metric indorsed over to Ambassador as part of the three-step transaction by which Sterling replaced Ambassador as Metric's lender and was assigned Ambassador's security interest in Metric's collateral. We further find that Sterling, which has been engaged in extensive discovery since joinder of issue, would be severely prejudiced by the trustee's presence in the case as an additional plaintiff. While the appeal from the order granting intervention

was pending Ambassador moved before another Judge at Special Term to dismiss the trustee's complaint for failure to state a cause of action. The trustee opposed, noting that the earlier decision granting intervention was "the law of the case." The motion was granted. The court found that the initial determination was limited to the issue of whether the trustee's claim and Sterling's complaint contained common questions of law or fact and held that the transaction whereby Sterling was substituted as Metric's secured creditor was not a conveyance. While Special Term was correct in its analysis that no fraudulent conveyance was involved, it should have referred the matter to the Justice who determined the intervention application, since in resolving that issue the court had to find, not only common questions of law or fact, but also, implicitly, that a cause of action was stated. Otherwise, there would be no reason for the statutory requirement that pleadings be annexed on a motion for intervention. (CPLR 1014; cf. *Ryder v Travelers Ins. Co.,* 37 AD2d 797.) In dismissing the complaint, Special Term effectively overruled a Justice of co-ordinate jurisdiction. While this procedure is not recommended, it does not warrant reversal. (*Baron v Baron,* 27 AD2d 723; *Watras v Watras,* 43 AD2d 520, 521.) In view, however, of our determination reversing the earlier order which had granted intervention, the subsequent order dismissing the trustee's complaint is rendered meaningless and the appeal from that order is dismissed as academic. Concur — Sullivan, J. P., Lupiano, Bloom and Fein, JJ.