■ DAVID FRIEDMAN et al., Appellants, v MORDE LUPATKIN, Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered June 12, 1985, which granted the defendant leave to renew his prior motion for a change of venue, and, upon renewal, granted the motion, changing the venue of the action from New York County to Westchester County.

Ordered that the order is affirmed, with costs.

Special Term correctly concluded that the Manhattan apartment upon which venue in New York County was predicated did not constitute a residence of the plaintiff David Friedman within the meaning of CPLR 503 (a) *(see, Katz v Siroty,* 62 AD2d 1011). Although Special Term should have transferred this motion to renew to the Justice who decided the original motion *(see,* CPLR 2221), under the circumstances of this case, this failure alone does not warrant reversal *(see, Zappolo v Putnam Hosp. Center,* 117 AD2d 597; *Vaseghi v Vaseghi,* 114 AD2d 501; *Sterling Natl. Bank & Trust Co. v Ambassador Factors Corp.,* 86 AD2d 547). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.

■ JESSE G. GOLDBERG, Petitioner, v COMMISSIONER OF MOTOR VEHICLES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the Administrative Adjudication Bureau of the Department of Motor Vehicles, dated May 2, 1985, which confirmed a determination of an Administrative Law Judge, dated March 22, 1984, which, after a hearing, found the petitioner guilty of speeding, in violation of Vehicle and Traffic Law § 1180 (d) and New York City Traffic Regulations § 60-A.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

There is substantial evidence to support the challenged determination. Mollen, P. J., Bracken, Lawrence and Kooper, JJ., concur.