■ Bhupinder Heer, Plaintiff, v North Moore Street Developers, L.L.C., et al., Defendants. Flomenhaft & Cannata, Nonparty Appellant. LFR Collections LLC, Proposed Intervenor-Respondent. (And Third-Party Actions.) [36 NYS3d 93]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered July 1, 2014, which granted proposed intervenor LFR Collections LLC's motion to intervene as of right, unanimously affirmed, with costs.

Contrary to LFR's contention, nonparty Flomenhaft & Cannata (F&C) is aggrieved by the order on appeal, since it opposed LFR's successful motion to intervene (*Saccheri v Cathedral Props. Corp.*, 123 AD3d 899 [2d Dept 2014]). Moreover, the order on appeal is 'not superseded by a "judgment"; nor could F&C have appealed from the decision (which

directed the parties to settle order) confirming the referee's report, since no appeal lies from either a decision (*Gunn v Palmieri*, 86 NY2d 830 [1995]) or "an appealed paper directing the settlement of an order" (*Rodriquez v Chapman-Perry*, 63 AD3d 645, 646 [1st Dept 2009]).

Notwithstanding, LFR established its entitlement to intervene as of right by demonstrating that its interests would otherwise be inadequately represented and that it would be bound by the judgment (CPLR 1012 [a] [2]). F&C, plaintiff's former law firm, and its sole principal, Michael Flomenhaft, assigned their beneficial economic interests in the fee proceeds of all of F&C's cases, including plaintiff's, to a hedge fund, in full satisfaction of a debt of more than $13 million that was due and owing by F&C. The hedge fund subsequently assigned its interests in the fee proceeds to LFR; thus, LFR has a direct financial interest in the outcome of the fee allocation proceeding (*see e.g. Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]). That LFR's interests would not be adequately represented is shown by the record in this case, in which F&C's new counsel is seeking a smaller percentage of the fee for F&C than was sought by previous counsel, and Flomenhaft's actions in two similar attorneys' fee dispute cases, in which Flomenhaft, the sole owner of the firm, sought to minimize the percentage of the fee allocated to F&C.

Contrary to F&C's contention, Judiciary Law § 474 does not bar LFR's intervention. LFR seeks not to assert its own claim to a portion of legal fees but, as assignee of F&C's portion of legal fees, simply to obtain the maximum apportionment to F&C. We note that, while fee-sharing agreements between a non-attorney and attorneys are illegal and therefore unenforceable (*see* Judiciary Law § 491; *Bonilla v Rotter*, 36 AD3d 534 [1st Dept 2007]), litigation loans obtained by law firms and secured by their accounts receivable are permitted (*see e.g. Hamilton Capital VII, LLC v Khorrami, LLP*, 48 Misc 3d 1223[A], 2015 NY Slip Op 51199[U] [Sup Ct, NY County 2015], citing *Lawsuit Funding LLC v Lessoff*, 2013 NY Slip Op 33066[U] [Sup Ct, NY County 2013]).

LFR's failure to include a proposed pleading in its motion papers does not warrant denial of the motion since the affidavit submitted sets forth its position on the fee allocation, and F&C is not prejudiced by the omission of the pleading.

We have considered F&C's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.