■ IRONSHORE INDEMNITY, INC., as Subrogee of The Related Companies, L.P., Appellant, v W&W GLASS, LLC, et al., Respondents. THE RELATED COMPANIES, L.P., et al., Nonparty Respondents. [58 NYS3d 10]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 25, 2016, dismissing the action, pursuant to an order, same court and Justice, entered February 11, 2016, which granted the motion of nonparty respondents (Related Companies) to quash subpoenas, intervene in this action, and dismiss the complaint, unanimously affirmed, with costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly permitted the intervention of the Related Companies, as they have a strong interest in this litigation, given that plaintiff purports to sue as their subrogee (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]). Plaintiff did not preserve its argument that the Related Companies' motion was defective for failing to submit a proposed pleading, and we decline to review it (*Ronen v Cohen*, 126 AD3d 487, 487 [1st Dept 2015]). Were we to review it, we would find it unavailing (see *id.*, citing *Ryder v Travelers Ins. Co.*, 37 AD2d 797, 797 [4th Dept 1971]).

The motion court correctly dismissed the complaint, because plaintiff has no subrogation rights. Notwithstanding its cur-

rent claims, plaintiff Ironshore did not accept the Related Companies as an additional insured, as it never made any payment in the underlying personal injury action on its behalf (*see generally Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 312 [1st Dept 1984]). Neither did Ironshore pay the Related Companies' defense costs in that action.

Plaintiff's subrogation claims for common-law indemnification, contribution, and equitable contribution are barred by Workers' Compensation Law § 11. Plaintiff did not allege a "grave injury" under that statute, nor did it present a bill of particulars or any other pleading that could evince a "grave injury" within the meaning of the statute (*Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511, 512 [1st Dept 2012]; *see Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 501 [1st Dept 2015]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, P.J., Richter, Andrias, Kahn and Gesmer, JJ.