U.S. Bank Trust N.A. v 21647 LLC (2023 NY Slip Op 02955)

U.S. Bank Trust N.A. v 21647 LLC

2023 NY Slip Op 02955

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 850174/21 Appeal No. 59 Case No. 2022-01105 

[*1]U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, Plaintiff-Appellant,
v
21647 LLC, Defendant-Respondent, Board of Managers of Christodora House Condominium et al., Defendants. Adam Plotch et al., Nonparty-Respondents.

Friedman Vartolo LLP, New York (Zachay Gold of counsel), for appellant.
Abrams Fensterman LLP, Brooklyn (John Muldoon of counsel), for Batia Plotch, nonparty-respondent.

Order, Supreme Court, New York County (Francis Kahn, III, J.), entered March 3, 2022, which, to the extent appealed from, granted proposed intervenor Batia Plotch's motion for leave to intervene and to dismiss the complaint in its entirety and denied plaintiff's cross-motion to discontinue the action against defendant 21647 LLC and for a default judgment against the nonappearing defendants, unanimously reversed, on the law, without costs, Plotch's motion denied in its entirety and the matter remanded to Supreme Court for further consideration.
A motion seeking leave to intervene, whether made pursuant to CPLR 1012 or 1013, must include the proposed intervenor's proposed pleading (see CPLR 1014; Lamberti v Metropolitan Transp. Auth., 170 AD2d 224, 225 [1st Dept 1991]; Sterling Natl. Bank & Trust Co. of N.Y. v Ambassador Factors Corp., 86 AD2d 547, 548 [1st Dept 1982]; accord Matter of Merestead, 188 AD3d 690, 691-692 [2d Dept 2020]; Rozewicz v Ciminelli, 116 AD2d 990 [4th Dept 1986]). Here, Plotch did not submit a proposed pleading with her motion for leave to intervene, nor did she submit an affidavit which in some cases may excuse the failure to attach a proposed pleading (see e.g. Heer v North Moore St. Devs., L.L.C., 140 AD3d 675, 676 [1st Dept 2016];Ryder v Travelers Ins. Co., 37 AD2d 797 [4th Dept 1971]). Plotch's reliance on Oversea Chinese Mission v Well-Come Holdings, Inc. (145 AD3d 634 [1st Dept 2016]) for the proposition that no proposed pleading is required is misplaced. That case made no reference to CPLR 1014, which specifically provides that "[a] motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought" (emphasis added). Because the motion to intervene was improperly granted and thus Plotch's motion to dismiss was improperly entertained, the action should be remanded to Supreme Court for further consideration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023